EL PUEBLO, APELADO, *v.* AYALA, APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 613.—Resuelto en junio 28, 1913.

VEREDICTO DEL JURADO—PRUEBA CONTRADICTORIA.—Cuando la prueba es contradictoria, ni el veredicto del jurado, ni la sentencia de la corte deben ser revocadas, al menos que se demuestre que actuaron con parcialidad, prejuicio, pasión, o que se ha cometido un error manifiesto.

SOBRESEIMIENTO DE LA ACCIÓN—TARDANZA EN PRESENTAR LA ACUSACIÓN—EXPIRACIÓN DEL TÉRMINO LEGAL—DISCRECIÓN DEL TRIBUNAL.—Aunque la resolución de la moción de un acusado para que se sobresea la acción por haber expirado el término de 60 días sin que el Fiscal haya presentado acusación depende de la discreción del tribunal sentenciador, está limitada esta discreción a resolver si las causas alegadas por el Fiscal, o conocidas por la corte de otra manera son o nó suficientes para justificar la tardanza, pues los preceptos del artículo 448 del Código de Enjuiciamiento Criminal son de carácter imperativo.

ID.—INTERPRETACIÓN DE LEY—RAZONES PODEROSAS QUE JUSTIFIQUEN LA TARDANZA EN PRESENTAR LA ACUSACIÓN.—Los preceptos del artículo 448 del Código de

Enjuiciamiento Criminal exigen que tanto en los casos de *felony* como en los de *misdemeanor* se presente la acusación dentro de los 60 días después de cometido el delito, y es el deber de la corte ordenar el sobreseimiento cuando no hay razones suficientes que justifiquen la tardanza en presentar la acusación.

ID.—ESPERA DEL RESULTADO DE LAS HERIDAS—TARDANZA INJUSTIFICADA.—La víctima en este caso falleció el 21 de octubre de 1912 del resultado de golpes recibidos el 10 de septiembre del mismo año, y el acusado fué arrestado el 24 de octubre de 1912 y desde esta fecha hasta el 10 de febrero de 1913 en que se presentó la acusación transcurrieron más de los 60 días que marca la ley. Se resolvió que las razones aducidas por el Fiscal para justificar la tardanza en presentar la acusación fundadas en la necesidad de esperar el resultado de las heridas recibidas por la víctima, eran insuficientes y que la corte de distrito cometió error al denegar la moción del acusado para que se sobreseyera la causa.

ID.—TIEMPO OPORTUNO PARA PEDIR EL SOBRESEIMIENTO.—Aunque por regla general el momento oportuno para pedir el sobreseimiento de una causa por haber sido presentada la acusación después de haber expirado el término de 60 días que marca la ley, es en el acto en que se lee la acusación al acusado, o tan pronto expiren los 60 días, sin embargo, aunque el acusado no lo haga así, no por eso pierde su derecho a solicitar dicho sobreseimiento en cualquier momento antes del juicio, pero si lo pide después del juicio, o después de haber sido constituído el jurado, se entiende que ha renunciado dicho derecho.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelante: *Sr. Angel A. Vázquez.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

En este caso el apelante fué declarado culpable de un delito de homicidio involuntario y condenado a sufrir cuatro años de prisión en la penitenciaría de San Juan. Contra esta sentencia el acusado interpuso apelación para ante este tribunal el día primero de abril último, celebrándose la vista de dicho caso ante esta corte el día 24 del corriente mes, por los alegatos que fueron presentados por ambas partes, habiendo, además, informado el Fiscal oralmente.

Dos son los fundamentos por los cuales solicita el apelante por conducto de su abogado, que se revoque la sentencia dictada en este caso por la corte inferior. Estos son, primero, que la corte cometió error al desestimar la moción de sobreseimiento de la acusación y, segundo, que el veredicto del jurado es contrario a la prueba. Consideraremos estos

fundamentos por su orden inverso. La prueba es contradictoria en lo que hace referencia a los hechos principales del caso, habiendo declarado tres testigos de la defensa que la interfecta Juana Mercado no se encontraba presente en la época y en el lugar en que se alega que recibió la herida mortal, declarando solamente un testigo que ella se encontraba allí presente y recibió la agresión del acusado Primitivo Ayala. El juez de la corte sentenciadora dió al jurado instrucciones amplias y explícitas, en las que hizo un examen de la prueba en su totalidad, informándoles del modo en que habían de considerarla para llegar al conocimiento de la verdad de las cuestiones que habían sido alegadas. No se ha formulado objeción alguna en cuanto a estas instrucciones. El jurado emitió su veredicto en contra del acusado, declarándolo culpable no del delito de homicidio voluntario, sino de homicidio involuntario, dando por tanto mayor crédito al testigo que declaró con respecto a la culpabilidad del acusado, que a aquellos tres que hicieron manifestaciones para sostener su inocencia. Como la prueba era contradictoria y no existe en los autos nada en absoluto que demuestre que el jurado estuviera influído por motivos indebidos al emitir su veredicto o la corte al dictar su sentencia o que revele algún error manifiesto, no pueden éstos ser modificados por la razón que ha sido alegada, o sea que el veredicto es contrario a la prueba.

Pasemos, por tanto, a la consideración del otro fundamento que ha sido alegado y por el que se solicita la revocación de la sentencia apelada, o sea, al error cometido por la corte sentenciadora al negarse a sobreseer la acusación. Vemos de la exposición del caso que antes de procederse a elegir el jurado, el acusado por medio de su abogado presentó una moción oral que fundó en el párrafo primero del artículo 448 del Código de Enjuiciamiento Criminal, solicitando el sobreseimiento de la acusación que contra él había sido formulada en este caso, por haberla presentado el Fiscal a la corte después de haber expirado el término de sesenta

días desde la fecha en que el acusado había sido arrestado en esta causa, en 24 de octubre de 1912, habiéndose presentado la acusación el día 10 de febrero de 1913. El artículo 448 del Código de Enjuiciamiento Criminal, dice lo siguiente:

"Artículo 448.—A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los casos siguientes:

"1. Cuando una persona haya sido detenida para responder por la comisión de un delito público, siempre que no se haya presentado acusación contra ella en el término de sesenta días desde su detención.

"2. Cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación."

El Fiscal se opuso a esta moción, alegando como fundamento, que si bien fué cierto que la herida se produjo el día 10 de septiembre, tuvo él que esperar el resultado final de la herida, lo que no ocurrió hasta el día 21 de octubre y que hasta entonces el Fiscal se encontraba ausente y el caso estaba en vías de estudio y preparación de prueba hasta la presentación de la acusación y, además, que cuando el acusado fué presentado ante la corte, él renunció a cualesquiera objeciones que hubiera podido hacer a la demora, por haber hecho la alegación de no culpable. El juez sentenciador desestimó la moción de sobreseimiento de la acusación, expresando para ello las siguientes razones:

"Dejando a un lado las razones que ha expuesto el Sr. Fiscal para justificar el por qué se presentó la acusación después de haber transcurrido los sesenta días del arresto del acusado, en esta causa, la corte entiende que una vez presentada la acusación, como lo fué en 10 de febrero de 1912 y citado el acusado para el acto de *arraignment* que se celebró el 17 del mismo mes y año, no habiendo el acusado, en ese acto, hecho alguna objeción a la presentación de la acusación, ni habiendo presentado entonces la moción que ahora presenta de sobreseimiento fundado en las razones que ahora invoca, la corte entiende que el acusado renunció a su derecho a la referida moción de sobreseimiento, por las razones que indica. Por otra parte, la corte entiende que si se tratara de un *misdemeanor,* en cuyo caso un sobreseimiento

equivale a la absolución del acusado y no puede instruirse un nuevo proceso, por la misma causa, porque así lo prohibe la ley; en ese caso, si se tratara de un *misdemeanor*, la corte cree que es imperativo el mandato de la ley y que debe sobreseerse cuando pase el tiempo de sesenta días entre el arresto y la presentación de la acusación. Pero en el caso presente, que se trata de un *felony*, el sobreseimiento no equivaldría a la absolución del acusado, porque el Fiscal podría, con permiso de la corte, entablar un nuevo proceso contra el acusado, por el mismo delito, sin que eso lo impidiera el sobreseimiento. Siendo así, la corte entiende que sería casi burlar los fines de la justicia, conceder una moción para satisfacción propia del acusado, pero que en definitiva lo que hace es retardar el procedimiento, porque el Fiscal podría volverlo a arrestar y empezar la causa de nuevo y este juicio no se terminaría hasta que el tribunal diera un veredicto después de haber pasado por las pruebas. Por estas razones la corte desestima la moción.''

Es cierto como ha alegado el Fiscal, que la resolución de una moción tal como la que ha sido presentada en este caso es una cuestión que descansa grandemente en la discreción de la corte sentenciadora, siendo de su incumbencia el resolver con respecto a la cuestión de si se ha probado o nó una buena causa que justifique la demora en la presentación de la acusación. Véase el caso de *El Pueblo* v. *Falcastro,* 17 D. P. R., 96; *Ex parte Lizardi,* 7 D. P. R., 360; *El Pueblo* v. *Quilichini,* 7 D. P. R., 265; *Ex parte Arroyo,* 15 D. P. R., 127; *El Pueblo* v. *Panchito,* 9 D. P. R., 505. Existen muchos otros casos en los que se comenta este artículo pero éstos son los principales en los cuales se hace referencia a los otros. Se observará que en este caso la corte sentenciadora dejó de ejercitar la discreción que la ley le confiere y fundó su resolución, no en la causa que se probó por la demora en la presentación de la acusación, sino por el fundamento de que el acusado al ser traído ante la corte para leérsele la acusación, renunció a cualquiera objeción que hubiera podido hacer en contra de la acusación por haber presentado la alegación de no culpable. De un estudio detenido de la opinión emitida por el juez sentenciador en apoyo de su reso-

lución nos vemos obligados a considerar como errónea la interpretación que entonces y en aquel caso se dió al artículo 448 del Código de Enjuiciamiento Criminal. Si se aceptara esta interpretación de dicho estatuto equivaldría a una derogación práctica o abierta desatención de la intención de la legislatura en casos de *felony,* y el efecto que produciría sería el de limitar el artículo 448 a casos de *misdemeanor* solamente. Cuando el término prescrito por la ley ha expirado para la presentación de la acusación y el acusado trata de hacer que se sobresean los cargos formulados contra él por tal motivo, es necesario que el Fiscal presente algunas razones buenas y suficientes, o que aparezcan demostradas a la corte por algún otro medio que justifique la demora. Si tal razón resulta clara, es el deber de la corte ordenar el sobreseimiento. La corte no tiene discreción en el asunto independientemente de la buena causa que se demuestre y a que se refiere el estatuto. La ley en cuanto a este punto es de carácter imperativo. La discreción de la corte está limitada a determinar si es suficiente o nó la causa que motiva la demora, pero si no se presenta razón alguna por el Fiscal o se le demuestra a la corte de alguna otra manera, no existe entonces nada en donde pueda ejercitarse la discreción judicial. La Corte de Distrito de Mayagüez no debió haber desatendido las razones presentadas por el Fiscal sin haberlas tomado en consideración en absoluto y no debió haber resuelto esta moción por otros fundamentos que no están prescritos en el estatuto y que la ley no justifica. El Fiscal presentó tres razones para justificar esta demora. La primera, que es digna de consideración, es que estaba en la necesidad de aguardar el resultado de la herida o sea, mientras la mujer se encontraba en el hospital curándose durante los cuarenta días que transcurrieron antes de su muerte. Desde luego que el funcionario no podía determinar con anterioridad a su muerte o convalecencia si podría presentarse una acusación por homicidio o por acometimiento con circunstancias agravantes o en alguna otra forma. Pero somos

de opinión de que en todos los casos deben establecerse prontamente los procedimientos y que en muchas ocasiones no es necesario esperar hasta el resultado final de la herida, y que la acusación puede presentarse, por ejemplo, de ataque con intención de cometer asesinato y si la víctima luego muere dentro del año y un día prescrito por la ley a consecuencia de las heridas que había recibido, puede entonces seguirse el procedimiento contra el acusado por asesinato u homicidio según las exigencias del caso.

El segundo fundamento alegado por el Fiscal en justificación de la demora, fué que se encontraba ausente, sin que en manera alguna hubiera tratado de explicar las razones de dicha ausencia. Esta razón es enteramente insuficiente y no merece que se considere ni siquiera un momento.

Igual cosa puede decirse en cuanto al tercer fundamento alegado por él, de que se encontraba ocupado en el estudio y preparación de la prueba, sin tratar de probar de modo alguno por qué el caso exigía tanto estudio y preparación. Los autos en realidad muestran que el asunto fué investigado por el juez municipal, quien reunió y preparó la prueba que había de ser usada por el Fiscal.

Aun cuando se aceptara como buena la primera razón, los hechos no justifican la actitud asumida por el Fiscal. El golpe fatal fué asestado el 10 de septiembre de 1912, falleciendo la perjudicada en 21 de octubre siguiente, o sea más de cuarenta días después del suceso. Pasando por alto el tiempo transcurrido entre las fechas y tomando como punto de partida una fecha aun posterior a la muerte de la mujer que había sido herida, como por ejemplo el día 24 de octubre de 1912, en cuyo día según aparece de los autos fué arrestado el acusado, resulta que desde dicha fecha hasta el 10 de febrero en que la acusación fué presentada, habían transcurrido mucho más de sesenta días o sea el término fijado por el estatuto, y por consiguiente, la corte de distrito en vista de que las razones presentadas por el Fiscal eran abiertamente insuficientes debió haber sobreseído la acusación,

y al no haberlo hecho así cometió un error fundamental que hace necesaria la revocación de la sentencia apelada.

Con respecto al razonamiento del Fiscal, alegando que la moción de sobreseimiento fué presentada fuera de tiempo, diremos que habiendo sido presentada la expresada moción antes de que el jurado quedara constituído para juzgar el caso, estaba dentro de tiempo. Es cierto que generalmente las mociones deben presentarse en el acto de la lectura de la acusación o mejor todavía, inmediatamente después que vence el término fijado por la ley para la presentación de la acusación o la celebración del juicio, pero el demorar la presentación de su moción no quiere decir que el acusado pierda el derecho a presentarla en cualquier momento antes de la vista del caso. Si tal moción fuera presentada después del juicio o aun después que el jurado ha quedado constituído, entonces, de conformidad con la jurisprudencia establecida por la Corte Suprema de California, podrá considerarse que el acusado ha renunciado implícitamente su derecho. *El Pueblo* v. *Hawkins,* 127 Cal., 372.

En cuanto a este particular el estatuto de California es enteramente semejante al nuestro, expresándose con las mismas palabras, excepto en aquellas en que hace referencia al tiempo que se concede para presentar la acusación. Para que pueda tenerse una idea más clara acerca del alcance que tiene el artículo 448 de nuestro Código Criminal, debemos hacer un extracto de una sentencia dictada por la Corte Suprema de California.

"El acusado fué declarado culpable ante la corte inferior de un delito de hurto y condenado a sufrir cuatro años de encarcelamiento en la prisión del Estado. Alega dicho acusado en apoyo de la apelación que ha establecido para ante este tribunal, que la corte inferior cometió error al desestimar una moción presentada por él para que se sobreseyera el caso. La moción de sobreseimiento se presentó por el fundamento de que no se le había concedido un juicio rápido. Se probó o quedó convenido en apoyo de su moción, que fué presentada la acusación contra él, el día 7 de agosto de 1888; que se le leyó la acusación

y presentó su alegación de no culpable en 12 de dicho mes y que jamás había hecho solicitud alguna para que se suspendiera la causa ni hubo tal suspensión a su favor o mediante solicitud presentada por él. La moción de sobreseimiento fué hecha el día 19 de marzo de 1889. El Estado no presentó prueba alguna ni trató de presentar ninguna razón suficiente que justificara la demora. La Constitución garantiza un juicio rápido y público a cada persona acusada de un delito. (Constitución, art. 1, párrafo 13.) La legislatura ha dispuesto lo que constituye un tiempo razonable dentro del cual ha de ser juzgado un acusado. El artículo 1382 del Código Penal dispone: 'La corte, deberá ordenar el sobreseimiento de una causa a menos que se le presenten razones suficientes en sentido contrario, en los siguientes casos: 1. Cuando se detiene a una persona para que se defienda de un delito público por el cual se le acusa, si no se ha presentado una denuncia o acusación contra él dentro de los treinta días siguientes; 2. Si un acusado cuyo juicio no ha sido suspendido a virtud de solicitud presentada por él, no se le juzga dentro de los sesenta días después que la acusación ha sido presentada contra él.' La corte inferior, al negar la moción del acusado, se expresó como sigue: 'La cuestión que usted plantea ha sido considerada por mí anteriormente y según la interpretación que doy a la ley, es discrecional y no de carácter imperativo, y presumiré que la corte estaba ocupada en la celebración de juicios de otras causas.' Creemos que ésta no es una interpretación debida de la ley. La parte a quien se imputa un delito, tiene un derecho constitucional a que se celebre un juicio rápido y la corte no tiene facultad discrecional alguna para negarle un derecho tan importante o prolongar su prisión sin celebrar dicho juicio fuera del término dispuesto en la ley. El estatuto es imperativo. 'La corte, a menos que le presente una buena razón en sentido contrario, debe ordenar el sobreseimiento de la causa.' En el presente caso no se ha demostrado causa alguna que justifique la demora. Era suficiente para el acusado probar que el término fijado por el estatuto después de haber sido presentada la acusación había vencido y que el caso no había sido suspendido por solicitud de dicho acusado. Si había alguna razón suficiente para tenerle tanto tiempo sin que se celebrara el juicio, al Fiscal le incumbía probarla. La corte no podía presumirla. Según los hechos han sido alegados, debió haberse sobreseído el caso y se cometió error al negar la moción. Con respecto a lo que significa un juicio rápido, no tomando en consideración nuestro estatuto, véase el caso de *Nixon* v. *State,* 41 Am. Dec., 601 y la nota 604. Con arreglo a un estatuto semejante al nuestro, de Kansas, se declaró que un acu-

sado tenía derecho a que se le pusiera en libertad mediante auto de *habeas corpus* por no haber sido. celebrado el juicio que contra él se seguía de acuerdo con el estatuto. (*In re McMicken*, 39 Kan., 406.)" *People* v. *Morino*, 85 Cal., 516, 517.

También se ha dicho por el mismo Tribunal Supremo, que la enfermedad del juez sentenciador o de cualquiera de los jurados después que la prueba ha sido presentada, o el hecho de que la corte se encuentre ocupada en la celebración de otros juicios, podrá ser considerado como una razón suficiente para que se·demore la celebración del juicio de un caso. *People* v. *Cline*, 74 Cal., 575; *People* v. *Giesea*, 63 Cal., 345; *People* v. *Buckley*, 116 Cal., 146; *Fennessy, Ex parte*, 54 Cal., 101; *Clarke, Ex parte*, 54 Cal., 412.

Habiendo por consiguiente examinado los autos en su totalidad, los razonamientos y autoridades acerca de esta cuestión, somos de opinión de que la corte inferior ha cometido un grave error al desestimar la moción que se presentó solicitando el sobreseimiento de la acusación. Por estas razones debe revocarse y anularse la sentencia, devolviéndose las actuaciones a la corte inferior con instrucciones de que proceda dicha corte conociendo de esta causa, de conformidad con los principios legales que han sido enunciados en esta opinión.

> *Revocada, con instrucción a la corte inferior de que proceda de acuerdo con la opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Wolf, firmó haciendo constar estar conforme con la sentencia.