OCHOA, PETICIONARIO Y APELANTE, *v.* MANZANO, JUEZ
MUNICIPAL, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Guayama
en recurso sobre *mandamus.*

No. 1570.—Resuelto en febrero 23, 1917.

SOBRESEIMIENTO DEL PROCESO—SUSPENSIÓN DEL JUICIO—JUSTA CAUSA—FUNDA-
MENTO DEL CASO DE EL PUEBLO v. FALCASTRO.—En el caso de *El Pueblo* v. *Fal-
castro,* 17 D. P. R. 96, el verdadero fundamento de la sentencia fué que hubo
justa causa para la suspensión del juicio y que la corte inferior procedió co-
rrectamente al denegar el sobreseimiento del proceso. Demuestran los autos
que realmente no estaba envuelta la cuestión de suspensión del juicio por un
término mayor de ciento veinte días.

ID.—JUICIO—TÉRMINO APLICABLE TANTO A LAS CORTES DE DISTRITO COMO A LAS
MUNICIPALES.—El término de ciento veinte días que señala el artículo 448,
apartado segundo del Código de Enjuiciamiento Criminal, dentro del cual el
acusado debe ser sometido a juicio, es aplicable no tan sólo a los casos pen-
dientes ante las cortes de distrito por jurisdicción original o *de novo*, sino
también a los casos pendientes ante las cortes municipales. Este es el alcance
de la doctrina establecida en el caso de *Dyer* v. *Rossy, Juez de Distrito*, 23
D. P. R. 772.

ID.—MANDAMUS—JUICIO RÁPIDO.—El derecho de una corte superior a decretar el
sobreseimiento de un proceso pendiente en una inferior depende no solamente
del estatuto sino del derecho inherente que tiene para asegurar juicios rápidos.

DOCTRINAS CONTRADICTORIAS—PRINCIPIOS ENUNCIADOS EN LA ÚLTIMA ESTABLECIDA.
—Cuando existe conflicto aparente entre doctrinas establecidas en dos decisio-
nes de una corte superior, sin que el tribunal inferior pueda distinguir los
hechos de ambas, es regla seguir los principios enunciados en la última.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. José C. Ramos.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

Aparece de los hechos que no han sido negados en este
caso, que Aureo Ochoa, peticionario en la Corte de Distrito
de Guayama, fué denunciado en la corte municipal de dicha
ciudad por el delito de daños maliciosos. La denuncia fué
formulada allí el día 12 de febrero de 1916. El juicio de dicha
causa fué señalado para el 18 de febrero, 1916. Al compa-
recer el peticionario al juicio con sus testigos, se enteró de
que el caso había sido suspendido a moción del fiscal, pero
sin hacérsele notificación alguna al peticionario y sin que se
hubiera presentado ninguna moción escrita u oral en corte
abierta para obtener tal suspensión. Estaba dentro de las
facultades discrecionales de la corte el poder decretar esta
suspensión y no se demostró o sugirió que hubiera habido
abuso de dicha discreción. Por razones que no se explican,
la causa fué meramente señalada de nuevo para fecha tan leja-
na como era el 24 de julio de 1916, cuando la corte suspendió
indefinidamente el juicio por segunda vez por iniciativa pro-
pia. El único fundamento alegado fué la falta de compare-
cencia de un testigo ausente en los Estados Unidos. Alega

entre otras cosas el peticionario, y la alegación no ha sido refutada, que no hubo moción o petición para la suspensión del juicio, ni se hizo constar qué extremos, o hechos se proponía probar el fiscal con la declaración de dicho testigo Rovira, (ofreciendo así la oportunidad al acusado de admitirlos, si lo creía conveniente), ni en manera alguna se demostró que la declaración de dicho testigo era esencial o necesaria para el juicio, ni nada siquiera que demostrara en qué fecha podía conseguirse al referido testigo.   En 7 de agosto, 1916, el peticionario presentó una petición en debida forma a la corte municipal solicitando el sobreseimiento de la acción y alegando entre otros particulares, que la vista de la causa había sido suspendida por un término mayor de 120 días sin existir justa causa para ello.   La corte se negó a ordenar el sobreseimiento y no hizo señalamiento del caso para otro período definido.   Entonces el peticionario radicó esta solicitud de *mandamus* en la Corte de Distrito de Guayama.   Dicha corte convino en sustancia en que el peticionario habría tenido derecho al remedio de haberse originado el caso o si hubiera estado celebrándose en la corte de distrito; que el mero hecho de la ausencia de un testigo en los Estados Unidos no era justa causa, y otras bien razonadas consideraciones, pero la corte de distrito se encontró en una situación difícil con motivo del conflicto que al parecer encontraba entre el caso de *El Pueblo* v. *Falcastro,* 17 D. P. R. 96, y el de *Dyer* v. *Rossy,* 23 D. P. R. 772, y de ahí que la corte estimara que carecía de facultad para ordenar el sobreseimiento de la causa y expidió en su lugar un auto perentorio de *mandamus* dirigido al juez municipal, ordenándole que procediera a celebrar el juicio.   La corte inferior resolvió que el efecto del caso de Dyer era el de extender la aplicación del artículo 448 a los casos apelados a la corte de distrito y celebrados *de novo,* pero no a los casos que se celebran en la corte municipal.

Al considerarse el caso de *Dyer* v. *Rossy, supra,* no fué sometido a este Tribunal el caso de Falcastro, pero si lo hubiera sido, la regla que seguimos para la decisión necesaria-

mente hubiera tenido que ser la misma. Este tribunal en el caso de Falcastro dijo lo siguiente:

"En cuanto a la tercera excepción formulada por el abogado del acusado, debemos decir que estamos de acuerdo con la opinión expresada por la corte de distrito, denegando la solicitud del abogado para que se sobreseyera el caso, puesto que el artículo 448 del Código de Enjuiciamiento Criminal, en el que él se basa para apoyar su moción, es aplicable solamente a los casos que han de verse ante las cortes de distrito mediante acusación presentada por el fiscal y no a denuncias presentadas ante las cortes municipales y llevadas en apelación ante las cortes de distrito para nueva vista.

"Además, esta autorización a la corte de distrito para sobreseer el caso después de transcurridos ciento veinte días desde la fecha de la presentación de la denuncia, es solamente para casos en que no se demuestre buena causa que justifique un proceder en contrario; y una decisión semejante queda en gran medida a la discreción del juez, y el ejercicio de esa discreción no será revisado excepto en aquellos casos en que se demuestre que ha habido abuso. *Ex parte Lizardi*, 7 D. P. R. 360; *El Pueblo* v. *Quilichini*, 7 D. P. R. 211."

En el caso de Falcastro tiene que considerarse que el verdadero fundamento de la sentencia fué que hubo justa causa para la suspensión del caso como se establece en la opinión. Los autos de la causa muestran que realmente no estaba envuelta la cuestión de una suspensión del juicio por un término mayor de ciento veinte días. Los hechos fueron como se dijo, que una denuncia había sido presentada en dicho caso contra el acusado en cierto día del mes de agosto, 1909, pero que por alguna razón que no se ha hecho constar, no se siguió el juicio hasta dictarse sentencia. La denuncia en que se basó la sentencia tenía fecha de enero 22, 1910; el juicio fué celebrado en febrero 7, 1910, y la sentencia dictada el día 19 del mismo mes y año. El caso fué apelado a la Corte de Distrito y celebrado en dicha corte el día 10 de marzo de 1910, dictándose sentencia el mismo día. Este fué un procedimiento rápido en tanto se trataba de la denuncia presentada en el caso. Hay un límite para la suspensión de los juicios y cuando

la legislatura ha fijado el límite en las cortes de distrito en ciento veinte días, existe mucha más razón para hacer que el mismo período sea el límite en la corte municipal. El derecho de una corte superior a decretar el sobreseimiento de un caso no depende del estatuto solamente, sino del derecho inherente que tiene una corte para asegurar juicios rápidos. Como algunas de las decisiones citadas en el caso de Dyer lo indican, es por interés del público que debe llevarse a término una causa sin molestar injustamente al acusado. Los medios razonables para suspender un juicio son muy amplios. El razonamiento del caso de Dyer si era aplicable en algún sentido técnico a un caso en apelación de una corte municipal, era igualmente aplicable a un juicio en la misma corte municipal. Si existe algún conflicto entre el caso de Falcastro y el de Dyer creemos que debemos seguir los principios enunciados en el último caso. De igual modo, como sugiere el apelante, es una regla más segura para una corte de distrito el observar la última decisión de la corte de apelación si los casos que al parecer están en conflicto no pueden distinguirse fácilmente, aunque como hemos indicado antes apreciamos la situación dificultosa del juez de distrito y sus esfuerzos por buscar una línea justa de distinción. Por virtud de los hechos sometidos a nuestra consideración, del razonamiento y conclusiones de la corte sentenciadora y del razonamiento del caso de *Dyer* v. *Rossy, supra,* la sentencia debe ser revocada y ordenarse a la corte que expida un auto perentorio decretando el sobreseimiento de la causa seguida contra el acusado.

> *Revocada la sentencia apelada y dictada otra ordenando a la corte inferior expida auto perentorio de* mandamus *decretando el sobreseimiento del proceso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.