El Pueblo, Demandante y Apelado, *v.* Avilés, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en causa por infracción de la Ley de Rentas Internas.

No. 1310.—Resuelto en junio 6, 1919.

Sobreseimiento de la Causa—Juicio Rápido.—Apelado este caso, la corte de distrito, como antes lo había hecho la corte municipal,, desestimó una moción en la que el acusado pedía el sobreseimiento de la causa por el fundamento, acreditado por medio de certificación, de haberse celebrado el juicio en la corte municipal después de transcurridos los 120 días a que se refiere el No. 2 del artículo 448 del Código de Enjuiciamiento Criminal sin que el acusado hubiera solicitado la suspensión. Fundó su negativa la corte de distrito en que no tenía a su alcance los elementos para saber si en la corte inferior hubo o no hubo justa causa para que no se celebrara el juicio dentro del tiempo marcado por la ley, y a falta de prueba en contrario, tenía que presumir que los procedimientos se habían seguido legalmente y que existió justa causa para la dilación. Excepcionada la resolución y apelada la sentencia, *se resolvió:* que era al Fiscal, y no al acusado, a quien incumbía probar la existencia de la justa causa, si es que la hubo, para la dilación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Leopoldo Tormes.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Está envuelta en este recurso la interpretación y aplicación del artículo 448 del Código de Enjuiciamiento Criminal.

La exposición del caso dice así:

"Habiendo anunciado ambas partes estar listas para juicio, la defensa reproduce una moción que en su oportunidad sometió a la corte inferior. La defensa alega lo siguiente: 'Que ésta es una apelación procedente de la Corte Municipal de Ponce; que la denuncia se radicó el día 6 de noviembre de 1917 y el acusado fué llamado a juicio el día 21 de marzo de 1918, esto es, mucho más de los 120 días que señala la ley; que presentó allá, en la corte municipal, una moción de sobreseimiento para que se sobreseyera esta denuncia fundado en esas razones, cuya moción consta en el récord; que dicha moción fué entonces declarada sin lugar, por lo que el acusado ha apelado del procedimiento, y, en su consecuencia, reproduciendo en este momento su moción de sobreseimiento, suplica a la corte se sirva so-

breseer y archivar el caso por haber transcurrido más de los 120 días que señala la ley para que el acusado hubiera sido llamado a juicio.' En apoyo de su moción ofrece a la corte en evidencia una certificación del Secretario de la Corte Municipal de Ponce creditiva de que este caso fué llamado a juicio el 21 de marzo de 1918, y que nunca,. desde su radicación, se suspendió a petición del acusado, ni por ningún otro procedimiento.

"Alega el fiscal que no tiene información ninguna de la corte municipal; que esos casos son enviados antes a la oficina del Attorney General y del Tesorero de Puerto Rico, y que tendría que hacer una investigación preliminar para poder llegar a la conclusión de que si ha habido o no alguna negligencia o alguna causa justa para la suspensión de este caso.

"La corte resuelve la moción de la defensa en la siguiente forma: 'Esta es una moción que se presentó ante la Corte Municipal de Ponce el día de la vista, o sea el 21 de marzo de 1918. La moción se fundó en que habían transcurrido más de 120 días desde la fecha en que fué radicada la denuncia en este caso hasta el día en que fué sometido a juicio el acusado, sin que el acusado hubiere renunciado su derecho a un juicio rápido. La moción no está jurada. Aparece al calce de la misma la resolución del Juez de la Corte Municipal de Ponce, desestimando en todas sus partes la moción, después de haberla oído. No aparece del récord, ni se ha traído ninguna otra prueba que demuestre que no ha habido justa causa por parte de la corte municipal para no haber celebrado ese juicio antes de la fecha en que se celebró. Sólo hay una certificación del secretario de la corte municipal que se presenta ahora en este acto, por el apelante, y tiene fecha 19 de junio de 1918, en la que sustancialmente hace constar que este caso fué llamado para ser visto en juicio el 21 de marzo de 1918, y que nunca, desde su radicación, este caso fué suspendido a petición del acusado ni por iniciativa de orden alguna de la corte. De modo que esta certificación es tan ambigua que no dice nada. De modo que la corte vislumbra que aquí ha habido alguna circunstancia que ha impedido a la corte municipal razonablemente celebrar esta vista dentro de los 120 días. La corte no tiene a su vista prueba de que no haya habido tal circunstancia. El juez que resuelve no tiene a su alcance los elementos para saber si en la corte inferior hubo o no hubo justa causa para que esta causa no se celebrara antes, y esta corte, a falta de prueba en contrario, tiene que presumir que los procedimientos de la corte han tenido que seguirse legalmente y que cuando allá no se celebró el juicio dentro de los

120 días el juez tendría justa causa para hacerlo así, y por esta razón deniega la moción, y ordena se una esta resolución al récord.'

"El acusado, por medio de su abogado defensor, hizo anotar su excepción."

El Fiscal de esta Corte Suprema sostiene en su alegato que no hay base para aplicar el artículo 448 del Código de Enjuiciamiento Criminal invocado por el apelante, porque no consta la fecha en que fué presentada la denuncia, ni tampoco que el acusado fuera reducido a prisión.

En efecto si se examinan los autos no se encuentra en ellos constancia alguna directa de la fecha en que la denuncia se radicara en la corte municipal, pero sí aparece que dicha denuncia fué jurada ante el secretario de la expresada corte el 6 de noviembre de 1917; que en su moción el acusado alegó que la denuncia se radicó el 6 de noviembre de 1917, o sea el mismo día en que fué jurada, y que tal alegación no fué impugnada por el Fiscal del distrito.

Aunque el hecho de que la denuncia se jurara el 6 de noviembre no es prueba concluyente de que se presentara el mismo día, el orden natural en que se desarrollan estos trámites y la práctica generalmente seguida inducen a concluir que sucedió así, y si a esto se agrega la implícita admisión del Fiscal del distrito en la corte inferior, nos parece que por lo menos es necesario resolver que es ya demasiado tarde para que el punto pueda ser suscitado por el Fiscal del Supremo.

No consta en verdad de los autos que el acusado fuera reducido a prisión. Y basándose en ello y en la jurisprudencia establecida en los casos de *Hammon* v. *State,* de Nebrasca, y *State* v. *Williams,* de la Carolina del Sur, alega el fiscal, como hemos dicho, que no hay base para aplicar el artículo 448 invocado.

En el primer caso, o sea el de *Hammon* v. *State,* 58 N. W. 92, se estableció la siguiente doctrina: "Un acusado en un proceso criminal que nunca ha sido puesto en prisión o detenido de otro modo, no tiene derecho a ser absuelto por

razón de no haber sido llevado a juicio dentro del período que especifica la ley'', pero la ley en Nebrasca es distinta a la ley en Puerto Rico. Allí el estatuto, transcrito en la misma opinión de la corte, comienza diciendo: ''Si una persona acusada por un delito y puesta en prisión  *  *  *  ,'' mientras que aquí la ley dice simplemente: ''Cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación,'' se decretará el sobreseimiento del proceso. La jurisprudencia no es, pues, aplicable.

Tampoco lo es la establecida en el otro caso de *Williams* v. *State,* 14 S. E. 309, por la misma razón. ''El párrafo 2323 de los Estatutos Generales disponiendo que cuando una persona es encarcelada por traición o delito grave, y pide en corte abierta ser llevada a juicio, y no se le formula acusación ni se le celebra el juicio en el segundo término de sesiones después de su encarcelamiento, será puesto en libertad, es aplicable'' dice el resumen, ''sólo a las personas que están realmente encarceladas.''

Resta sólo por considerar el motivo consignado en su resolución por la propia corte de distrito, a saber, en resumen, que el acusado no demostró que la decisión de la corte municipal no estaba basada en una causa justa.

Decidido ya por esta Corte Suprema en *Ochoa* v. *Manzano,* 24 D. P. R. 843, que el precepto contenido en el artículo 448 del Código de Enjuiciamiento Criminal rige también para las cortes municipales, entendemos que lo único que estaba obligado a alegar y probar el acusado en este caso era que no había sido sometido a juicio dentro del término de ciento veinte días contado a partir de la presentación de la denuncia, término que no había sido interrumpido a su solicitud. Era al Fiscal al que correspondía probar la existencia de la justa causa, si es que la hubo, para la dilación. Si el Fiscal no estaba enterado en el momento en

que se presentó la moción del acusado, pudo pedir un término razonable para investigar lo ocurrido y actuar dentro de la ley y la justicia.

"El estatuto es imperativo," dice la Corte Suprema de California interpretando un estatuto similar al nuestro en *El Pueblo* v. *Merino,* 85 Cal. 516, " 'La corte, a menos que se le presente una buena razón en sentido contrario, debe ordenar el sobreseimiento de la causa.' En el presente caso no se ha demostrado causa alguna que justifique la demora. Era suficiente para el acusado probar que el término fijado por el estatuto después de haber sido presentada la acusación había vencido y que el caso no había sido suspendido por solicitud del dicho acusado. Si había alguna razón suficiente para tenerle tanto tiempo sin que se celebrara el juicio, al Fiscal incumbía probarla. La corte no podía presumirla." Véase también el caso de *El Pueblo* v. *Ayala,* 19 D. P. R. 936.

Por virtud de lo expuesto debe revocarse la sentencia recurrida y decretarse el sobreseimiento de la causa, quedando extinguida la fianza que haya prestado el acusado.

> *Revocada la sentencia recurrida y decretado el sobreseimiento de la causa, quedando extinguida la fianza que haya prestado el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.