EL PUEBLO, DEMANDANTE Y APELADO, *v.* ESTRADA ET AL., ACUSADOS Y APELANTES.

No. 2232.—*Visto:* Abril 1, 1924. *Resuelto:* Abril 25, 1924.

JUICIO RÁPIDO—SOBRESEIMIENTO DE LA ACUSACIÓN—APELANTE: DEBER DEL.— Cuando se solicita el sobreseimiento de una acusación por no haberse celebrado el juicio dentro del término de ley y sólo aparece de los autos la negativa de la corte, no cabe revocar la sentencia, porque la resolución del tribunal tiene la presunción de justa. Para que esta corte examine y juzgue los motivos en que se basó la resolución, el apelante debe colocarla en las mismas condiciones en que se encontraba la corte inferior, haciendo constar lo ocurrido por medio de un pliego de excepciones o exposición del caso tramitado, aprobado y archivado de acuerdo con la ley.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), condenando a los acusados por delito de Adulteración de Leche. *Confirmada.*

*A. Agosto,* abogado de los apelantes; *José E. Figueras, Fiscal,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Ricardo Estrada y Pedro Calderón fueron acusados como autores de un delito de adulteración de leche y condenados a sufrir cada uno treinta días de cárcel. No conformes, apelaron para ante este tribunal señalando en su alegato, como único error, que el juicio se había celebrado después de ciento veinte días contados a partir de la presentación

de la acusación y eso no obstante la corte negó la moción de sobreseimiento por ellos presentada.

Cuando la transcripción fué archivada en la Secretaría de la Corte Suprema, sólo contenía la acusación, la sentencia y el escrito de apelación. Luego se adicionó la moción de sobreseimiento que copiada a la letra en lo pertinente dice:

"Que el juicio de este caso ha sido señalado por primera vez para hoy día 29 de octubre de 1923.

"Que la acusación fué presentada con fecha 30 de junio del año actual.

"Que nunca ha solicitado ni obtenido suspensión de juicio ni nada que haya entorpecido que este juicio fuera visto antes del día de hoy.

"Que han transcurrido a esta fecha más de los 120 días que marca el artículo 488 de la Ley de Enjuiciamiento Criminal.

"Por lo que a esta Hon. Corte suplica se sirva sobreseer este caso, con arreglo a dicho artículo, ordenando su archivo definitivo."

Y por último se solicitó la corrección de los autos a fin de agregar a ellos el siguiente documento:

"El Pueblo de Puerto Rico vs. Ricardo Estrada y Pedro Calderón.—Criminal No. 494.—Adulterarión de leche.—Yo, J. Comas Vera, Taquígrafo de la Corte de Distrito del Segundo Distrito de San Juan, P. R., Certifico: que según aparece de mis notas taquigráficas tomadas en el acto de la vista del caso arriba titulado, y antes de darse comienzo a la práctica de las pruebas, fué presentada por el abogado de los acusados una moción pidiendo el archivo y sobreseimiento del caso por no haber sido traído a juicio dentro de los 120 días que marca la Ley. La Corte denegó la moción y el abogado tomó excepción de la resolución de la Corte.—San Juan, P. R., febrero 9, de 1924.—(Firmado) J. Comas Vera.—Taquígrafo de la Corte del Segundo Distrito.

"Yo, Luis Vergne Ortiz, Secretario de la Corte de Distrito del Segundo Distrito de San Juan, Puerto Rico, Certifico: que la precedente es una copia fiel y exacta de la anterior certificación, que se encuentra unida al récord de este caso, que se encuentra archivado en el archivo de esta Corte bajo mi custodia. Y para remitir a la Corte Suprema de Puerto Rico, expido la presente en San Juan de

Puerto Rico, hoy día veinte y cinco de marzo de 1924.—(firmado) Luis Vergne Ortiz, Secretario Corte de Distrito del 2do. Distrito de San Juan, P. R.''

Sostiene el Fiscal de esta corte que no es posible resolver favorablemente la cuestión suscitada por los apelantes porque no constando las razones que la corte sentenciadora tuviera para negar la moción, no es posible juzgarlas y debe presumirse que su resolución fué justa.

El juicio se celebró a los ciento veinte y un días o sea un día después del fijado por la ley, pero la ley no establece el derecho a ser juzgado dentro del plazo como absoluto sino que tiene en cuenta que puede existir alguna justa causa que impida que el juicio se celebre dentro del plazo. ¿Existió aquí alguna justa causa? La transcripción guarda silencio. El apelante debió establecer los hechos en un pliego de excepciones y entonces hubiéramos podido, ejercitando nuestra jurisdicción de apelación, penetrar en el fondo del asunto y juzgarlo por sus propios méritos. No lo hizo así y queda, por tanto, en pie, la presunción de justa que tiene la resolución de que se queja.

En el caso de *El Pueblo* v. *París,* 25 D.P.R. 112, esta Corte dijo:

''Pero el apelante nada dijo acerca de las razones que hubo para hacer los anteriores aplazamientos, o ni siquiera que se hicieron sin haber razón para ello. Como se admite que las anteriores suspensiones fueron hechas por la Corte, la presunción que surge, a menos que se demuestre lo contrario, es que hubo justa causa para ordenarlas.''

Y en el de *El Pueblo* v. *Falcastro,* 17 D.P.R. 96, expresó:

''El sobreseimiento de una acción autorizado por el Artículo 448 del Código de Enjuiciamiento Criminal puede únicamente invocarse cuando no exista motivo alguno que justifique la tardanza del juicio, y su concesión descansa siempre en la discreción del tribunal sentenciador, cuya resolución no será revocada por este Tribunal a menos que haya abusado de dicha facultad discrecional.''

Es cierto que en el caso de *El Pueblo* v. *Avilés,* 27 D.P.R. 512, 515, dijimos:

"Decidido ya por esta Corte Suprema en *Ochoa* v. *Manzano,* 24 D.P.R. 843, que el precepto contenido en el artículo 448 del Código de Enjuiciamiento Criminal rige también para las cortes municipales, entendemos que lo único que estaba obligado a alegar y probar el acusado en este caso era que no había sido sometido a juicio dentro del término de ciento veinte días contado a partir de la presentación de la denuncia, término que no había sido interrumpido a su solicitud. Era al Fiscal al que correspondía probar la existencia de la justa causa, si es que la hubo, para la dilación. Si el Fiscal no estaba enterado en el momento en que se presentó la moción del acusado, pudo pedir un término razonable para investigar lo ocurrido y actuar dentro de la ley y la justicia.

" 'El estatuto es imperativo,' dice la Corte Suprema de California interpretando un estatuto similar al nuestro en *El Pueblo* v. *Merino,* 85 Cal. 516. 'La corte a menos que se le presente una buena razón en sentido contrario, debe ordenar el sobreseimiento de la causa.' En el presente caso no se ha demostrado causa alguna que justifique la demora. Era suficiente para el acusado probar que el término fijado por el estatuto después de haber sido presentada la acusación había vencido y que el caso no había sido suspendido por solicitud del dicho acusado. Si había alguna razón suficiente para tenerle tanto tiempo sin que se celebrara el juicio, al Fiscal incumbía probarla. La corte no podía presumirla. Véase también el caso de *El Pueblo* v. *Ayala,* 19 D.P.R. 936.''

La situación aquí es distinta. En el caso de Avilés se trataba de un juicio *de novo.* En este de Estrada de una apelación. La Corte de Distrito debía juzgar la cuestión suscitada de nuevo por sus méritos, a virtud de las alegaciones y las pruebas ante ella presentadas. Esta Corte Suprema debe limitarse a las resultancias de los autos. Ante la corte de distrito no cabía la presunción: Levantada la cuestión por el acusado, el Fiscal debió probar la justa causa o la corte por algún otro medio quedar convencida de que la justa causa para la demora existía (*El Pueblo* v. *Ayala,* 19 D.P.R. 936, 941). Ante esta Corte Suprema cabe la presunción en ausencia de una completa presentación del caso

por parte del apelante: ¿Podríamos asegurar nosotros, tal como se encuentra la transcripción, que no se presentó por el Fiscal o que la Corte no tuvo conocimiento de la existencia de alguna justa causa? Es bien claro que no. Al apelante incumbe la obligación de colocar a esta corte en las mismas condiciones en que se encontraba la corte inferior.

No señalándose ningún otro error ni revelando un examen de los autos que se haya cometido, *procede la confirmación de la sentencia recurrida.*