EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ CASANOVAS, acusado y apelante.

No. 3235.—*Visto:* Febrero 17, 1928. *Resuelto:* Mayo 28, 1928.

*Luis Toro Cabañas,* abogado de la apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El apelante fué convicto por infringir el artículo 13 (*a*) de la Ley para reglamentar el uso de vehículos de motor en Puerto Rico. Leyes de 1916, pág. 144.

■ El primer señalamiento es que la corte de distrito cometió error al declarar sin lugar una moción solicitando se archivara la denuncia, fundándose en que la vista del caso no se había celebrado dentro de los 120 días a partir de la fecha en que fueron radicados los autos de la apelación de una sentencia anterior dictada en una corte municipal.

No hay exposición del caso ni transcripción de la evidencia. La única indicación referente a la fecha en que la transcripción de los autos de la corte municipal fué radicada en la corte de distrito es la manifestación contenida en la moción solicitando el archivo y sobreseimiento del caso. La orden declarando sin lugar esta moción especifica como fundamento de la misma la existencia de "justa causa" para no celebrar el juicio.

Bajo las circunstancias, no podemos asumir, como lo hace el apelante, que el fiscal no realizó esfuerzo alguno para demostrar por qué no se había señalado una fecha anterior para el juicio, o que la prueba aducida por él a este respecto fuera insuficiente. *El Pueblo* v. *Estrada,* 33 D.P.R. 75. El

caso de *El Pueblo* v. *Padilla,* 36 D.P.R. 439, citado por el apelante, no es aplicable.

■ Otra contención del apelante es que la denuncia no imputa delito alguno.

En el alegato del apelante, sin embargo, no se discute la forma o la suficiencia de la denuncia como tal, sino que se ataca directamente la regla estatutoria prescrita por el artículo 13 (*a*), *supra,* el cual lee como sigue:

"La velocidad de un vehículo de motor deberá en todo tiempo regularse con el debido cuidado, tomando en cuenta el ancho, tráfico y uso del camino; y el hecho de conducir, en cualquier tiempo, un vehículo de motor por un camino público a una velocidad que exceda de 48 kilómetros por hora, o dentro de la zona urbana de un municipio a una velocidad mayor de 24 kilómetros por hora, constituirá evidencia *prima facie* de que el vehículo era conducido sin el debido cuidado."

El apelante asume, sin tratar de demostrarlo, que la denuncia tiende a imputar una infracción al límite de la velocidad prescrito por la ley. El fiscal parece estar de acuerdo con este punto de vista, pero interpretando el artículo 13 (*a*) en relación con el 12 (*a*) termina diciendo que la intención de la Legislatura, aunque algo obscura, fué fijar un límite máximo de velocidad y que el mero hecho de conducir un automóvil a una velocidad mayor constituye, por tanto, una infracción del estatuto.

No estamos de acuerdo ni con la interpretación dada a la denuncia por el apelante, ni con la teoría que el fiscal sugiere. La regla de conducta prescrita por el artículo 13 (*a*) no es un requisito drástico y absoluto de que un vehículo de motor no excederá determinada velocidad en los distritos urbanos o rurales, según sea el caso, independientemente de todas las circunstancias y condiciones concurrentes. La obligación impuesta a todo conductor de un vehículo es regular la marcha de éste en todo tiempo, con el debido cuidado y tomando en cuenta el ancho de la calle, la forma en que ésta es usada por el público, y las condiciones generales del trá-

fico. El hecho de que en determinado caso se demuestre que un vehículo ha excedido determinada velocidad, basta para establecer un caso *prima facie*. El caso *prima facie* así establecido no es una mera infracción del límite de velocidad. Ese es el hecho en evidencia, pero el delito no ha quedado probado. El delito lo constituye el guiar negligentemente. El hecho de si se ha cometido o no el delito puede depender de un número de circunstancias, incluyendo, según lo dispone expresamente la ley, el ancho del camino, la forma en que está siendo usado en ese momento y las condiciones del tráfico en general. El caso *prima facie* establecido por la evidencia de que el vehículo en cuestión era conducido a gran velocidad podría ser controvertido, por ejemplo, por la declaración de testigos al efecto de que el camino en el sitio mencionado en la denuncia o acusación era recto y ancho, que no había tráfico y que no estaba ocupado en ese momento, que el camino no estaba obstruido y que no había calles transversales, por espacio de una milla o más a partir del sitio, que no había casas habitadas, o cualquier otra indicación de que no había ni personas ni animales en los alrededores inmediatos. De lo contrario tendría mucho peso la contención del apelante de que la denuncia imputa la infracción de una mera regla de evidencia.

█ Lo que la denuncia en el presente caso imputa es lo siguiente:

"Que en 3 de junio 6 p. m. de 1926, y en la Ave. Ponce de León, Stop 2½, hacia P. de Tierra del Distrito Judicial Municipal de San Juan P. R. que forma parte del Distrito Judicial de San Juan, P. R., el acusado arriba indicado voluntaria y maliciosamente violó el Art. 13 (A) de la Ley No. 75 aprobada en 13 de Abril de 1916, enmendada, porque mientras guiaba el auto No. 9446 propiedad del mismo, lo hizo con tal descuido y con negligencia, que sin tener en cuenta el ancho tráfico y uso del camino, corrió su vehículo a una velocidad exagerada mayor de 24 kms. por hora dentro de la zona urbana, en cuyos momentos y en cuyo sitio transitaban muchas personas a pie y numerosos vehículos en todas direcciones, siendo el sitio de referencia un camino público."

A un fiscal se le exigiría un grado mayor de seguridad y precisión al redactar una acusación. De acuerdo con la regla liberal ya adoptada por esta corte al tratar de denuncias presentadas por individuos o por la Policía Insular, la denuncia que ahora tenemos bajo nuestra consideración no está sujeta a la crítica de que no imputa delito alguno. Cualquier acusado de inteligencia ordinaria podría deducir de la misma que el delito imputádole no es meramente el conducir el vehículo a una velocidad mayor de 24 kilómetros por hora dentro de la zona urbana, sino el guiar negligentemente un vehículo de motor durante horas de mucho tráfico, a gran velocidad, por una carretera congestionada, en medio de un sinnúmero de vehículos y de peatones que caminaban en todas direcciones. Esta sería la lógica inferencia que habría de hacerse, aun si la denuncia no especificara claramente el descuido, la negligencia y la falta de consideración flagrante por parte del acusado, en cuanto al ancho del camino, la forma en que éste es usado y las condiciones del tráfico. A este respecto la denuncia sigue *mutatis mutandis*, por lo menos, las palabras del estatuto.

Las únicas autoridades citadas en relación con este aspecto del caso son *El Pueblo* v. *Borque*, 25 D.P.R. 594, y *El Pueblo* v. *Rivera*, 26 D.P.R. 439, en los cuales descansa el apelante, y *El Pueblo* v. *Guzmán*, 34 D.P.R. 117, a que hace referencia el fiscal. Bajo las circunstancias no seguiremos la investigación más allá de lo necesario para demostrar que el presente caso es distinguible de los mencionados por el apelante, y para indicar el principio general envuelto, como la base real para tratar de llegar a una conclusión en un caso dudoso.

En el caso de *El Pueblo* v. *Borque, supra,* la denuncia decía así:

"Que en septiembre 5, 1916, y hora 12 a. m. y en la parada 16½, carretera de Santurce, del Distrito Judicial Municipal de San Juan, P. R., el referido acusado que quiaba como conductor el

auto No. 519 de su propiedad, maliciosa y voluntariamente no tomó las debidas precauciones en el manejo de dicho auto para garantizar vidas y propiedades, dando lugar a que el referido auto chocase con el niño Joaquín Solá.. . .''

El artículo 12 (a) lee como sigue:

''Las personas que manejen vehículos de motor en los caminos públicos, deberán, en todo tiempo, ejercer el debido cuidado y tomar precauciones razonables para garantizar la seguridad de vidas y propiedades.''

El artículo 13 (a) es más específico. Este no habla en términos generales del debido cuidado en el manejo de vehículos de motor y de las precauciones razonables para garantizar la seguridad de vidas y propiedades en los caminos públicos. Trata directamente de la cuestión de velocidad y la regulación de la misma, no en términos generales sino de acuerdo con determinadas condiciones.

La denuncia en este caso no imputa el haber dejado de tomar las debidas precauciones, sin indicar la naturaleza de las precauciones que debieron haberse tomado. Le informa al acusado detalladamente y en lo posible, siguiendo las palabras de la ley, de la naturaleza del delito imputádole.

La denuncia en el caso de *El Pueblo* v. *Rivera*, tal vez pudo haberse sostenido si se hubiese especificado una infracción del artículo 13 (a), o si se hubiese llamado la atención de esta corte a la redacción de ese artículo. Sin embargo, Rivera, al igual que Borque, fué acusado de una infracción al artículo 12 (a) y la sentencia condenatoria fué revocada de conformidad con la teoría de *El Pueblo* v. *Borque*.

El artículo 13 (a) no define un delito ni dispone un castigo. Prescribe una regla positiva de conducta que deberá ser observada por todas las personas que guíen vehículos de motor. La infracción de esa regla ha sido definida como un delito y la pena por tal infracción está prescrita por el artículo 18, que dispone lo siguiente:

"Las infracciones de las disposiciones de esta Ley serán consideradas como delitos menos graves, y serán castigadas con multa de no menos de cinco dólares, ni más de trescientos dólares, o con prisión de no menos de cinco días, ni más de tres meses."

Es ley elemental que:

"Al crearse un delito que no era penable de acuerdo con el derecho común, el estatuto debe, desde luego, ser lo suficientemente claro que demuestre lo que la Legislatura trató de prohibir y de castigar; de lo contrario será nulo por ambigüedad. Claridad razonable, en vista de las circunstancias, es todo lo que se exige, y siempre que sea posible debe interpretarse liberalmente la intención de la Legislatura. No es necesario usar términos técnicos, y la Legislatura puede designar el delito usando palabras de uso corriente y cotidiano; y una ley penal es lo suficientemente clara, aunque use términos generales, si el delito está definido en tal forma que lleve a la mente de una persona de inteligencia ordinaria la descripción adecuada del mal que se trata de prohibir." 16 C. J. págs. 67-68, párrafo 28.

Entre las notas que aparecen al pie del texto citado hallamos la siguiente:

"Por ejemplo, un estatuto que disponga que toda persona que cometa cualquier acto brutal que cause daño a otra persona o a su propiedad, o que desordenadamente altere la paz o el bienestar públicos, o que abiertamente falte a la decencia pública, es culpable de *misdemeanor*, no es nulo por ambigüedad. State v. Lawrence, 9 Ok. Cr. 16, 130 P. 508; Stewart v. State, 4 Ok. Cr. 564, 109 P. 243, 32 L.R.A. N. S. 505."

*La sentencia apelada debe ser confirmada.*