El Pueblo de Puerto Rico, demandante y apelado, *v.* Miguel Marti Alvarez, acusado y apelante.

No. 4370.—*Sometido:* Marzo 12, 1931. *Resuelto:* Mayo 3, 1932.

*García Méndez & García Méndez,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Miguel Marti Alvarez apela de la sentencia que lo condena por el delito de homicidio involuntario que le imputó la acusación del fiscal y del cual lo encontró·culpable un jurado.

Dos motivos alega el apelante para sostener su recurso, siendo ·el primero que la corte inferior cometió error al negarse a trasmitir al jurado·determinada instrucción; y el segundo que el veredicto es contrario a la prueba.

■ La acusación que fué presentada contra el apelante en lo necesario dice así:

"El referido acusado Miguel Marti Alvarez con anterioridad a la presentación de esta acusación, o sea, allá por el día 26 de enero de 1930, y ·en el término municipal de Isabela, que forma parte del Distrito Judicial de Aguadilla, Puerto Rico, allí y entonces, dicho acusado Miguel Marti Alvarez, mientras guiaba, como chauffeur, el automóvil Chevrolet número P-610, por la carretera que conduce de Isabela a Aguadilla, que es un camino público, y al llegar al kilómetro 128, hectómetro 5, de dicha carretera, y mientras conducía pasajeros en dicho automóvil y mientras marchaba de Aguadilla hacia Isabela, ilegal y voluntariamente guiaba y conducía dicho vehículo

de motor. sin guardar la debida prudencia y circunspección, encontrándose allí y entonces dicho acusado en estado de embriaguez, y por descuido y negligencia en el manejo de dicho vehículo y por marchar a más de 50 kilómetros por hora, en dicha carretera, y por no ejercer el debido cuidado y tomar precauciones razonables, haciendo zigzags en dicha carretera, dió lugar a que dicho automóvil se volcara, a consecuencia de lo cual el ser humano Juan Marti Alvarez sufrió varios golpes y contusiones y entre ellos la fractura de la base del cráneo y de la arteria meníngea posterior, lo que le produjo gran hemorragia intercraneal en la base del cerebro, a consecuencia directa de cuya fractura de la base del cráneo murió dicho Juan Marti Alvarez momentos después.''

La instrucción solicitada por el apelante para el jurado está redactada en los siguientes términos:

''El hecho de que en determinado caso se demuestre que un vehículo ha excedido determinada velocidad, basta para establecer un caso prima facie. El caso prima facie así establecido no es una mera infracción del límite de velocidad. Ese es el hecho en evidencia, pero el delito no ha quedado probado. El delito lo constituye el guiar negligentemente. El hecho de si se ha cometido o no el delito puede depender de un número de circunstancias, incluyendo, según lo dispone expresamente la ley, el ancho del camino, la forma en que está siendo usado en ese momento y las condiciones del tráfico en general. El caso prima facie establecido por la evidencia de que el vehículo en cuestión era conducido a gran velocidad podría ser controvertido, como en este caso lo ha sido, por la declaración de testigos de que el camino en el sitio mencionado en la acusación era recto y ancho, que no había tráfico y que no estaba ocupado en ese momento. De modo, señores del Jurado, la corte ahora os instruye que el correr un vehículo de motor a una velocidad excesiva no es por sí solo un hecho delictivo, ni constituye negligencia que haga responsable al conductor de dicho vehículo si no median las circunstancias antes indicadas. El Pueblo v. Casanovas, 38 D.P.R. 219.''

A nuestro juicio la negativa de la corte estuvo bien fundada. En primer lugar, leídas las instrucciones que la corte había ya transmitido al jurado encuéntrase que son suficientes por sí solas, siendo, por tanto, la propuesta innecesaria. En segundo lugar la forma en que la instrucción está redactada parece expresamente calculada para favorecer al acusado. Y

en tercer lugar el caso de Casanovas, de donde al parecer se toma la doctrina en que se basa la instrucción, era distinto. Allí se estaba juzgando una mera infracción a la ley de automóviles, mientras que aquí se trata de la muerte de una persona en que la velocidad a que se conducía el automóvil se alegó como uno de los elementos constitutivos de la negligencia imputada.

Quizá la corte eliminando algo de la instrucción propuesta o enmendando su redacción, pudo transmitirla, porque no puede negarse que la cuestión que se suscitaba era propia, pero la corte no venía obligada a hacerlo en la forma propuesta y por tanto no puede considerarse la omisión como error fundamental.

El segundo y último motivo del recurso se funda en que el veredicto es contrario a la prueba.

La evidencia que el fiscal presentó en el juicio tendió a demostrar que el acusado guiaba a las dos de la tarde por la carretera pública de Aguadilla a Isabela un automóvil público en el que también iban otras personas; que él se hallaba en estado de embriaguez; que conducía el vehículo a velocidad de 50 a 55 kilómetros por hora; que el automóvil hacía zigzags de cuneta a cuneta por la carretera; que bajando una pendiente en la que había una curva se volcó el automóvil quedando con las ruedas para arriba y con los pasajeros debajo; que a una de esas personas se le fracturó la base del cráneo de cuya resulta murió pocas horas después; y que en la carretera había huellas en zigzags de las ruedas refrenadas del automóvil por 37 ó 40 metros y que al final de ellas estaba volcado el automóvil.

El acusado y sus testigos declararon que él no estaba embriagado, aunque él manifestó que había tomado algún ron; alguno de ellos dijo que el vehículo marchaba a 40 kilómetros; todos que no hacía zigzags sino que caminando por su derecha se desvió a la izquierda y se volcó; y que la carretera era ancha y recta y en ese momento no había tráfico en ella.

El conflicto de esa prueba lo resolvió el jurado dando cré-

dito a la del fiscal, y es suficiente para sostener el veredicto de culpabilidad porque las circunstancias en que el acusado manejaba el automóvil cuando se volcó y causó la muerte de una de las personas que en él iban demuestran su falta del debido cuidado y circunspección en el manejo de dicho vehículo.

*Por lo expuesto la sentencia apelada debe ser confirmada.*
El Juez Asociado Señor Córdova Dávila no intervino.