El Pueblo, Demandante y Apelado, *v.* Rivera, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por delito de infracción a la Ley de Automóviles.

No. 1282.—Resuelto en junio 24, 1918.

Automóviles—Infracción a la Ley Sobre—Requisitos de la Denuncia.—En una denuncia formulada de acuerdo con la sección 12 de la Ley No. 75 aprobada en 13 de abril de 1916, no basta que se exprese, en general, que el *chauffeur* "manejó el automóvil sin el debido cuidado, sin tomar las precauciones necesarias y sin tener en cuenta el ancho, tráfico y uso del camino, por cuyo motivo chocó con otro vehículo"; sino que es preciso especificar, además, que realizó algún hecho en violación de alguna o algunas de las varias disposiciones concretas contenidas en dicha sección.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Enrique Campillo.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El apelante Mariano Rivera fué declarado culpable en virtud de una denuncia que a la letra dice así:

"Yo, José Ramos Valle, Policía Insular, vecino de San Juan, P. R., calle de Salvador Brau No. 60, de mayor edad, formulo denuncia contra Mariano Rivera por delito de infracción al artículo 12 (a) de la Ley de Automóviles aprobada en 13 de abril de 1916, cometido de la manera siguiente: que en noviembre 9, 1917, hora 1 y 15 P. M. y en la carretera frente a la Escuela No. 1 de San Juan, dentro del distrito judicial municipal de San Juan, P. R., que forma parte del distrito judicial de San Juan, el acusado Mariano Rivera, ilegal, maliciosa y voluntariamente violó las disposiciones de la ley

para reglamentar el uso de vehículos de motor en Puerto Rico, manejando el automóvil guagua número 153, sin el debido cuidado, sin tomar las precauciones necesarias y sin tener en cuenta el ancho, tráfico y uso del camino, por cuyo motivo chocó con otro vehículo.''

Sostiene el apelante en primer término que la denuncia no imputa delito alguno porque si bien se le acusa de que sin el debido cuidado, sin tomar las precauciones necesarias y sin tener en cuenta el ancho, tráfico y uso del camino chocó con otro vehículo, estas palabras no exponen materia delictiva y faltan en ellas hechos esenciales para que se conozca con claridad cuál es el delito imputado a fin de que el acusado prepare su defensa sin dudas ni vacilaciones, y que la denuncia se refiere al artículo 12 (*a*) de la ley de automóviles que enumera ocho apartados, y que de acuerdo con el caso de *El Pueblo* v. *Borque,* 25 D. P. R. 594, debemos revocar la sentencia apelada y absolverlo.

Realmente la denuncia en este caso es bastante similar a la denuncia en el caso de Borque, en el que también se imputó al acusado ''que no tomó las debidas precauciones en el manejo de dicho auto para garantizar vidas y propiedades, dando lugar a que el referido auto chocase con el niño Joaquín Solá, el cual recibió contusiones, etc.'' En este caso dijimos que la denuncia no imputó al acusado infracción concreta alguna, pues que la sección 12 de la Ley No. 75 de 1916 de cuya infracción se trata contiene ocho apartados: el primero general y los otros referentes a casos específicos y que en una denuncia hecha de acuerdo con esa sección no basta que se exprese en general que el *chauffeur* no tomó las debidas precauciones en el manejo del auto para garantizar vidas y propiedades, sino que es necesario especificar además que realizó algún hecho en violación de alguna o algunas de las varias disposiciones concretas · contenidas en dicha sección.

Como iguales consideraciones son aplicables al presente

caso debemos revocar la sentencia apelada y absolver al acusado.

*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.