EL PUEBLO, DEMANDANTE Y APELADO, *v.* GARCÍA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por infracción de la Ley de Automóviles.

No. 1606.—Resuelto en diciembre 10, 1920.

DENUNCIA SUFICIENTE—AUTOMÓVILES—CAUSA DE ACCIÓN.—Contiene hechos constitutivos de delito público una denuncia en la que se imputó al acusado el hecho de haber chocado maliciosa y voluntariamente, conduciendo un truck sin ejercer el debido cuidado y tomar precauciones razonables para garantizar vidas y propiedades, con el automóvil del denunciante, a causa de que el acusado "no marchó lo más a la derecha que le fué posible."

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. J. Martínez Dávila y E. Campillo.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La denuncia en este caso imputaba una infracción a la

ley para reglamentar el uso de vehículos de motor, aprobada
en abril 13, 1916, en los términos siguientes:

"Que en 5 de diciembre, 1918, hora 5 p. m., y en la calle del
Dr. Veve de Bayamón, Distrito Judicial Municipal de Bayamón,
que a su vez forma parte del Distrito Judicial de San Juan, P. R.,
el referido acusado conductor del *truck* No. H. P. 58, de la propiedad
de San Félix de Corozal, voluntaria y maliciosamente, y sin ejercer
el debido cuidado y tomar precauciones razonables para garantizar
vidas y propiedades chocó con el auto que conducía el suscribiente,
ocasionando al carro las siguientes averías, el eje, zopanda, un farol,
el vinzil y el arrayador. Este accidente ocurrió porque el acusado
no marchó lo más a la derecha a la que le fué posible."

El único error que ha sido alegado es que la corte infe-
rior incurrió en error al desestimar la excepción perentoria
formulada a la denuncia por el fundamento de que los he-
chos alegados no constituyen un delito público, y para sos-
tener esta alegación el apelante se funda en los casos de
*El Pueblo* v. *Borque,* 25 D. P. R. 594; *El Pueblo* v. *Rivera,*
26 D. P. R. 439; *El Pueblo* v. *Salgado,* 27 D. P. R. 881, y
*El Pueblo* v. *Matienzo, idem* 918.

En el caso de Borque este Tribunal resolvió, nos referi-
mos al sumario, que "en una denuncia formulada de acuerdo
con la sección 12 de la ley No. 75, sobre automóviles, no
basta que se exprese en general que el *chauffeur* no tomó
las debidas precauciones en el manejo del auto para garan-
tizar vidas y propiedades, sino que es necesario especificar
además que realizó algún hecho en violación de algunas de
las varias disposiciones concretas contenidas en dicha sec-
ción."

Una lectura de éste y de los otros casos citados que con-
firman pero que de ningún modo adicionan la doctrina así
enunciada será bastante para demostrar que en ninguno de
ellos imputó la denuncia ningún acto u omisión de los des-
critos en los varios apartados de la sección 12 de la ley en
cuestión.

El apartado "D" de ésa sección dispone que "los ve-

hículos de motor que transiten por caminos públicos debe-
rán marchar lo más a la derecha que fuere posible," * * *
y la denuncia formulada en este caso determina expresa-
mente que el accidente en cuestión "ocurrió porque el acu-
sado no marchó lo más a la derecha a la que le fué posible."

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, del Toro y Aldrey.