EL PUEBLO, DEMANDANTE Y APELADO, *v.* RIVERA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por infracción a la Ley de Automóviles.

No. 1591.—Resuelto en diciembre 23, 1920.

DENUNCIA SUFICIENTE—AUTOMÓVILES—CAUSA DE ACCIÓN.—Imputa concretamente al acusado la violación de los apartados "*d*" y "*e*," sección 12 de la ley para regular el uso de vehículos de motor en Puerto Rico, una denuncia en la cual se alega que el acusado "no paró la máquina que guiaba por el centro de la carretera ni la desvió a su izquierda, arrollando por tal motivo al niño antes citado, causándole una herida grave en el pie izquierdo. * * * "

ID.—PENA—SENTENCIA MODIFICADA EN APELACIÓN.—Es errónea y procede que sea modificada en apelación una sentencia que impone la pena de cuatro meses de cárcel a un acusado convicto de infringir la ley No. 75 de abril 13, 1916.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José Martínez Dávila y Antonio Lens Cuena.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Dos motivos de error alega el apelante contra la sentencia que lo declaró culpable de infracción al artículo 12 de la Ley sobre Automóviles y lo condenó a cuatro meses de prisión y las costas, suspendiéndolo además como *chauffeur* por seis meses.  Son los siguientes:

"*Primero.*—Que la Corte de Distrito de San Juan, Sección Segunda, cometió error al declarar sin lugar la excepción perentoria establecida por el acusado contra la denuncia presentada en este caso.

"*Segundo.*—La Corte de Distrito de San Juan cometió error al imponer al acusado la pena de cuatro meses de cárcel por una infracción a la Ley de Automóviles, de 13 de abril de 1916."

En apoyo del primer motivo de error alega el apelante que en la acusación no se le imputa la violación de alguna o algunas de las disposiciones concretas contenidas en la sección 12 de la Ley No. 75 aprobada por la Asamblea Legislativa de Puerto Rico el 13 de abril de 1916 porque no especifica y concreta acto alguno en violación de ella y cita nuestras opiniones en los casos de *El Pueblo* v. *Borque,* 25 D. P. R. 595; *El Pueblo* v. *Rivera,* 26 D. P. R. 439; *El Pueblo* v. *Salgado,* 27 D. P. R. 881, y *El Pueblo* v. *Matienzo,* 27 D. P. R. 918.

Para contestar este argumento y que este caso no se halla en las mismas condiciones que los citados nos bastará transcribir la denuncia en lo pertinente de ella.  Dice así:

"Que en julio 24, 1919, hora 3 p. m. y en la carretera que conduce de Vega Baja a Vega Alta del Distrito Judicial Municipal de Vega Baja, P. R., que forma parte del Distrito Judicial de San Juan, P. R., el referido acusado maliciosa y voluntariamente violó las disposiciones de la Ley para reglamentar el uso de vehículos de motor en los caminos públicos de Puerto Rico en su artículo 12, Apartado 'A' no ejerció el debido cuidado para garantizar vidas y propiedades mientras conducía por la referida carretera el automóvil No. X–12–1 (del que era *chauffeur*) a bastante velocidad y a pesar de haber visto que delante de su automóvil caminaba el

niño Tomás Martínez no paró la máquina que guiaba por el centro de la carretera ni la desvió a su izquierda arrollando por tal motivo al niño citado, causándole una herida grave en el pie izquierdo. * * * ''

Si bien en esa acusación se hace referencia al apartado ''A'' del artículo 12 que es general, realmente en ella se especifica que guiaba el carro por el centro de la carretera y que no lo desvió a su izquierda al alcanzar al niño Tomás Martínez, lo que es bastante para que el apelante conociera que se le imputaba la infracción de los apartados ''d'' y ''e''; y el haber dejado de citar esos dos apartados y mencionar solamente el apartado ''a'' referente a que en todo tiempo se debe ejercer el debido cuidado y tomar precauciones razonables para garantizar vidas y propiedades no es de importancia.

En el segundo motivo de error tiene razón el apelante y así lo reconoce el Fiscal de este Tribunal Supremo pues el artículo 18 de dicha ley fija el castigo para sus infracciones en multa de no menos de cinco dólares ni más de trescientos dólares o con prisión de no menos de cinco días ni más de tres meses; y como el apelante fué condenado a cuatro meses de prisión la sentencia es errónea en este particular y debe ser modificada.

Por las razones expuestas la sentencia apelada debe ser confirmada pero modificándola en cuanto a la prisión que debe sufrir el acusado que debe ser de tres meses.

> *Confirmada la sentencia pero modificándola en cuanto a la prisión del acusado, a tres meses de cárcel.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.