EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
RAFAEL DROS, acusado y apelante.

No. 2668.—*Visto:* Marzo 26, 1926. *Resuelto:* Abril 27, 1926.

1. CARRETERAS (*Highways*)—REGLAMENTACIÓN Y USO PARA EL TRÁNSITO—USO DE
LA CARRETERA Y LEY DEL CAMINO (*Law of the Road*)—ALCANCE Y PASE A
LOS QUE VAN EN LA MISMA DIRECCIÓN—PASE CUANDO VIENE UN CARRO EN
DIRECCIÓN OPUESTA.—El *chauffeur* que abandona su derecha creyendo tener
espacio para pasar en conjunción de un caballo que va en su misma direc-
ción y un auto que viene en dirección opuesta, debe sufrir las consecuencias
de no conservar su derecha y acercarse lo más posible a la misma.

2. CARRETERAS (*Highways*)—REGLAMENTACIÓN Y USO PARA EL TRÁNSITO—USO DE
LA CARRETERA Y LEY DEL CAMINO (*Law of the Road*)—ALCANCE Y PASE A
LOS QUE VAN EN LA MISMA DIRECCIÓN—PASE CUANDO VIENE UN VEHÍCULO
EN DIRECCIÓN OPUESTA.—Cuando un *chauffeur* tiene ante sí un caballo con-
ducido por otra persona, no debe tomar la izquierda del animal hasta que
pase un vehículo que, viniendo en sentido contrario, tiene libre su derecha.

3. DERECHO PENAL—APELACIÓN Y ERROR, Y. CERTIORARI—REVISIÓN—CUESTIONES
SOBRE LA PRUEBA—APRECIACIÓN DE LAS PRUEBAS—PRUEBA CONTRADICTORIA.
—Cuando la evidencia es contradictoria y el conflicto se resuelve en contra
del acusado, no existiendo error manifiesto, pasión o prejuicio por parte del
juez sentenciador, debe confirmarse la sentencia apelada.

SENTENCIA de *Angel Acosta Quintero*, J. (Ponce), condenando al
acusado por delito de infracción a la ley de automóviles, con cos-
tas. *Confirmada.*

*Manuel A. Rivera*, abogado del apelante; *José E. Figueras*, abogado
de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

Rafael Dros, que conducía un *truck* por la carretera No.
1, fué declarado culpable de una denuncia que le imputa
haber violado las disposiciones de la Ley No. 75, para re-
glamentar vehículos de motor, etc., aprobada en abril 13,
1916, y quien "por no ejercer el debido cuidado ni tomar

las precauciones necesarias para garantizar la seguridad de vidas y propiedades (*d*) no se acercó lo necesario a su respectivo lado derecho para dar paso al automóvil No. 563 P. guiado por Víctor Flores, *chauffeur* No. 16–852, chocando el *truck* con la rueda izquierda delantera en el tapalodo izquierdo trasera del auto Buick, resultando éste con la transmisión rota y rotura de la boquilla de la rueda trasera izquierda. . . . .''

Se notará que la denuncia formula un cargo específico alegando que el acusado no se acercó lo necesario a su respectivo lado derecho y que por ese motivo se produjo el accidente. *El Pueblo* v. *García,* 28 D.P.R. 955. La denuncia, sin embargo, pudo ser más clara en sus términos, ya que el caso aparece comprendido en el apartado letra (*d*) del artículo 12, pero así redactada es suficiente.

El apelante únicamente discute la apreciación que hizo de la prueba el juez inferior.

[1] La evidencia tendió a establecer que el *truck* subía una cuesta y se encontraba cerca de un caballo cargado de carbón, conducido por otra persona, que iban en la misma dirección, y a la vez, en sentido opuesto bajaba el automóvil Buick. Parece que el juez inferior llegó a la conclusión que el conductor del *truck* no teniendo libre su derecha y viendo el Buick que descendía debió mantenerse y acercarse lo más posible a su derecha para dar paso al otro carro que tenía expedita su derecha. No haciéndolo así, su culpabilidad pareció evidente. El no debió abandonar su derecha en la creencia que su vehículo tendría espacio bastante para pasar en conjunción del caballo y el automóvil. Lo hizo, sin embargo, y debe sufrir la consecuencia de no conservar su derecha y acercarse lo más posible a la misma.

[2] La regla que cita el apelante, establecida en el Reglamento de la Comisión de Servicio Público de que ''todo chauffeur estará en la obligación y así lo hará, de detener el vehículo que maneje o guíe cuando encontrare detenido frente a él otro vehículo, debiendo dejar el paso libre al que

viniere en sentido opuesto y no tomará la izquierda del ve-
hículo detenido hasta tanto no haya dejado pasar el que en
sentido opuesto viniere," era más bien para haber sido
observada por él.   Es verdad que no tenía ante él otro ve-
hículo, pero sí tuvo un caballo conducido por otra persona
y la situación era la misma.   El acusado debió esperar,
acercándose a su derecha, y dejar el paso libre al automó-
vil que venía en sentido contrario y no tomar la izquierda
del caballo que se encontraba a su frente hasta que pasara
dicho automóvil que tenía libre su derecha.

[3] De todos modos la evidencia fué contradictoria y el
conflicto fué resuelto en contra del acusado y no existiendo
error manifiesto, pasión o prejuicio por parte del juez sen-
tenciador, *debe confirmarse la sentencia.*