El Pueblo de Puerto Rico, demandante y apelado, *v.* Auroro Urbistondo Pérez, acusado y apelante.

Núm. 6740.—*Sometido:* Noviembre 9, 1937. *Resuelto:* Noviembre 23, 1937.

*E. Martínez Avilés,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Se trata de una infracción a la ley (núm. 75) para reglamentar el uso de vehículos de motor aprobada en abril 13, 1916 (Leyes de 1916, pág. 144).

El proceso tuvo por base una denuncia que copiada a la letra, en lo pertinente, dice:

"Yo, Pablo Martínez, L.C.P.I. núm. 126, vecino de Vega Baja, calle de Betances, mayor de edad, formulo denuncia contra Auroro Urbistondo Pérez, *chauffeur* núm. 34839, por delito Inf. Ley de Automóviles, art. 12, letra (A), cometido de la manera siguiente: Que en 31 de enero (3:30 p.m.) de 1936, y en la carretera núm. 2, km. 43-1, de Vega Baja, P. R., del Distrito Judicial Municipal de Vega Baja, que forma parte del Distrito Judicial de Bayamón, P. R., el acusado Auroro Urbistondo Pérez, allí y entonces, ilegal, voluntaria y maliciosamente, violó la Ley de Automóviles en su artículo 12, letra (*a*), consistente en que mientras guiaba por el sitio arriba indicado, que es un camino público, el automóvil Ford P-2349, propiedad de Ramón Rosado, que es un vehículo de motor, no ejerció el debido cuidado ni tomó las precauciones razonables para garantizar la seguridad de vidas y propiedades consistente en que conducía dicho vehículo a velocidad exagerada y sin tocar claxón, dando lugar a que arrollara a la señora Cruz Sepúlveda, causándole las siguientes contusiones:

herida contusa en el lado derecho de la cabeza, contusión fuerte en el codo izquierdo, herida contusa en el antebrazo derecho y contusiones en ambas piernas; siendo curada en el Hospital Municipal, por el doctor Fructuoso Sánchez Castaño, quedando allí recluída; hecho contrario a' la ley.''

Juzgó la causa la corte municipal y condenó al acusado. Apeló éste para ante la corte de distrito y celebrado el juicio de nuevo fué también condenado, recurriendo entonces para ante este Tribunal Supremo alegando que la corte de distrito cometió error al declararlo culpable.

''. . . por el fundamento de que la denuncia no le imputa la comisión de ningún delito público.

''Esta excepción perentoria de falta de hechos se basa en la jurisprudencia sentada por este Hon. Tribunal en los casos de *El Pueblo* v. *Borque,* 25 D.P.R. 594; *El Pueblo* v. *Rivera,* 26 D.P.R. 439; *El Pueblo* v. *Salgado,* 27 D.P.R. 881; y *El Pueblo* v. *Matienzo,* 27 D.P.R. 918, en donde se ha sostenido que en denuncias de esa naturaleza y así redactadas no se imputa al acusado infracción concreta alguna, pues que la sección 12 de la Ley núm. 75 de 1916 de cuya infracción se trata contiene ocho apartados, el primero general, y los otros referentes a causas específicas, y que en una denuncia hecha de acuerdo con esa sección no basta que se exprese en general que el chófer no tomó las debidas precauciones en el manejo del auto para garantizar vidas y propiedades, sino que es necesario especificar además que realizó algún hecho en violación de alguna o algunas de las varias disposiciones concretas contenidas en dicha sección.

''Y no empece que se haya alegado que el acusado guiaba a velocidad exagerada y sin tocar claxon porque no se ha especificado la circunstancia por la cual el acusado venía obligado a cumplir esos requisitos de ley. *El Pueblo* v. *Ramos,* 43 D.P.R. 71.''

Con posterioridad a los casos que invoca el apelante esta Corte Suprema en el del *Pueblo* v. *Figueroa,* 48 D.P.R. 754, por medio de su Juez Asociado Sr. Hutchison, se expresó, en parte, como sigue:

''La denuncia radicada en la corte municipal imputaba que:

'' '. . . el referido Horacio Figueroa manejaba el vehículo pesado de motor núm. H–469, sin ejercitar el debido cuidado y tomar las precauciones razonables para garantizar la seguridad y vidas de

las personas, llevando amarrada con un cáñamo, de la cual colgaba, una de las tapas posteriores de dicho truck, haciendo que ésta columpiara de un lado para el otro, de tal manera que, al llegar a dicho sitio, hectómetro 9 de la mencionada carretera, al pasar dicho truck por el lado del denunciante, la dicha tapa le dió al denunciante de tal manera que lo echó al suelo ocasionándole golpes graves que lo dejaron sin conocimiento, fracturándole el cráneo, por lo que tuvo que ser recluído en el Hospital de Damas de Ponce.'

"Al ser llamado el caso para juicio *de novo* la corte de distrito declaró sin lugar una excepción perentoria basada en que la denuncia no imputaba delito alguno, y esto se señala como error. El apelante se funda en el caso del *Pueblo* v. *Borque,* 25 D.P.R. 594, y *Pueblo* v. *Rivera,* 26 D.P.R. 439. La denuncia en el caso de Borque decía que:

" '. . . el referido acusado que guiaba como conductor el auto núm. 519 de su propiedad, maliciosa y voluntariamente no tomó las debidas precauciones en el manejo de dicho auto para garantizar vidas y propiedades, dando lugar a que el referido auto chocase con el niño Joaquín Solá, el cual recibió contusiones de las que fué asistido en la Sala de Socorro de Santurce.'

"El fiscal insistió en que la denuncia estaba en orden toda vez que seguía la fraseología del estatuto. Lo que se dijo en el caso de Borque debe interpretarse a la luz de los hechos y de la cuestión suscitada ante este tribunal. La denuncia no imputaba un delito ni bajo el inciso (*a*) ni bajo ningún otro inciso del artículo 12 de la Ley. La contención del fiscal no podía ser sostenida aún si la denuncia hubiese seguido literalmente el contexto del inciso (*a*). Ese inciso prescribe en términos amplios y generales una regla de conducta para aquellas personas que guían vehículos de motor en la vía pública. En tales casos no basta que la denuncia siga la fraseología del estatuto. Debe ser más específia a fin de advertir al acusado de manera más definida de la naturaleza de la acusación que se le imputa. Éste es el principio general en que se basa el caso de Borque, el cual fué seguido por este tribunal en los casos de *Pueblo* v. *Rivera,* supra; *Pueblo* v. *Salgado,* 27 D.P.R. 881; *Pueblo* v. *Matienzo,* ídem 918, y distinguido en el de *Pueblo* v. *García,* 28 D.P.R. 954.

"Esta corte nunca ha dicho en un caso como el presente que sería imposible imputar un delito bajo el inciso (*a*) a menos que tal delito también estuviese incluído en algún otro inciso del artículo 12. Todo lo contenido en opiniones anteriores que pudiera así interpretarse por inferencia o deducción debe ser considerado como *obiter dicta,* ya que hasta el presente no nos habíamos visto precisados a considerar un

caso como el que tenemos ante nos. Por primera vez nos confrontamos con una denuncia que claramente imputa un delito comprendido por las disposiciones del inciso (a) y no por cualesquiera otros incisos del artículo 12 de la ley. El inciso (a) no es un mero preámbulo o párrafo de introducción. Es completo de por sí y enteramente independiente de los otros incisos del artículo 12. Cada uno de los otros incisos es de por sí igualmente completo y enteramente independiente del inciso (a). Una infracción de cualquiera de los otros incisos podría ser imputada como un delito separado sin referirse en absoluto al inciso (a). Una violación de uno o más de esos incisos podría también ser imputada a manera de especificación como una infracción al inciso (a). Empero, esto no es así en lo que respecta a todos los demás incisos. La infracción del inciso (h), por ejemplo, no podría ser imputada siguiendo la terminología de dicho inciso, sin más, como una infracción del inciso (a). Una violación del inciso (b) no podría en forma alguna equivaler a una infracción del inciso (a). Por otra parte, el inciso (a) comprende un número crecido de delitos que no podrían ser imputados como una infracción de cualquiera de los otros incisos. Un conductor que por ejemplo hace retroceder su vehículo repentinamente y sin dar aviso, de una calle transversal hacia una calle de bastante tránsito, con menosprecio de la seguridad de vidas y propiedades, sería culpable de una flagrante violación del inciso (a) pero no se le podría imputar con éxito una infracción de cualquiera de los otros incisos. El presente caso es otro ejemplo saliente. No es necesario que multipliquemos los ejemplos de esta índole. Si no pudieran imputarse otras infracciones del inciso (a) que las de los demás incisos, entonces la Legislatura hizo algo fútil y vano al redactar ese inciso y no podemos concebir que ésta fuera la intención legislativa. Por tanto, resolvemos que la corte de distrito no cometió error al declarar sin lugar la excepción perentoria.''

En este caso si bien en la denuncia sólo se menciona la letra (a) de la sección 12 de la ley, es lo cierto que los hechos que en la misma se imputan al acusado podrían quizá considerarse comprendidos en el inciso (e) que ordena que ''cuando se dé alcance a otro vehículo o persona siempre deberá darse aviso, y la persona o vehículo de menor velocidad deberá echarse hacia la derecha, tanto como le fuere posible, y el vehículo que dé alcance pasará siempre por su izquierda,'' pero aunque así no fuera, habría siempre que

concluir que imputa una violación específica del inciso (*a*) suficiente de acuerdo con la jurisprudencia sentada en el caso de *El Pueblo* v. *Figueroa,* supra.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Señor Wolf disintió.*

El Juez Asociado Señor Córdova Dávila no intervino.