El Pueblo de Puerto Rico, demandante y apelado, *v.* Clemente González Andino, acusado y apelante.

Núm. 6946.—*Sometido:* Abril 26, 1938. *Resuelto:* Junio 22, 1938.

*Ramón S. Pesquera,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Clemente González Andino apela de una sentencia de la Corte de Distrito de Bayamón que le declara culpable del delito de infracción a la Ley de Automóviles y le "condena

a pagar una multa de $60 y las costas . . . . y en su defecto
. . . . un día de cárcel por cada dólar que dejare de pagar.''

La denuncia, transcrita literalmente, lee así:

"Yo, Regino Pizarro, P. I. núm. 695, vecino de Bayamón, P. R.,
calle de Dr. Veve número_____, mayor de edad, formulo denun-
cia contra Clemente González Andino por delito Inf. a la Ley de
Autos, Art. 12 (a) en conexión con el 12 (e), cometido de la ma-
nera siguiente: que en 25 de mayo 9 A. M. de 1937, y en la calle
Comerío de Bayamón, P. R., dentro del Distrito Judicial Municipal
de Bayamón, P. R., que forma parte del Distrito Judicial de Ba-
yamón, P. R., el citado acusado Clemente González Andino, allí y
entonces ilegal, voluntaria y maliciosamente violó las disposiciones
de la Ley para reglamentar el uso de los vehículos de motor por
los caminos públicos de Puerto Rico, porque en el referido día guiaba
por la calle Comerío de Bayamón (que es un camino público) el
auto*truck* H–58, propiedad de Francisco Otero, de Bayamón, y en
ocasión que guiaba el referido *truck* por la referida calle en direc-
ción a San Juan por su derecha no ejerció el debido cuidado ni tomó
las precauciones razonables para garantizar la seguridad de vidas
y propiedades porque al pasar al niño William Vázquez que
venía montado en una bicicleta en la misma dirección del *truck*
y por su derecha no tocó *klaxon* o aparato para dar alarma dando
lugar a que por su negligencia, descuido y falta de circunspección
arrollara al mencionado niño, ocasionándole una contusión con ema-
toma de la región parietal izquierda, abundante hemorragia por el
oído izquierdo, ligero traumatismo del tobillo izquierdo con pronós-
tico reservado, siendo curado en el Hospital Municipal de Bayamón,
quedando allí recluído, violando de este modo las disposiciones del
Art. 12 letra (a) en conexión con el Art. 12 letra (e) de la Ley de
Autos en vigor, según últimamente enmendada por la Ley núm. 9
de julio 18 de 1926. Hecho contrario a la ley para tal caso prevista.''

Alega el apelante que la sentencia recurrida es errónea,
primero, porque la prueba del fiscal no demostró la comi-
sión de los hechos denunciados, y segundo, porque de toda
la prueba se deduce la falta de acción u omisión delictiva
del acusado. El fiscal de esta corte concurre con el acusado
en que la sentencia debe revocarse, y somos de opinión que
así debe hacerse.

■ Los apartados (*a*) y (*e*) del artículo 12 de la Ley núm. 75 de 1916 (pág. 144), para reglamentar el uso de vehículos de motor en Puerto Rico, dicen así:

"(*a*) Las personas que manejen vehículos de motor en los caminos públicos, deberán, en todo tiempo, ejercer el debido cuidado y tomar precauciones razonables para garantizar la seguridad de vidas y propiedades.

" .    .    .    .    .    .    .    .    .

"(*e*) Cuando se dé alcance a otro vehículo o persona siempre deberá darse aviso, y la persona o vehículo de menor velocidad deberá echarse hacia la derecha, tanto como le fuere posible, y el vehículo que dé alcance pasará siempre por su izquierda."

Una simple lectura de la denuncia es suficiente para convencer a cualquiera de que en ella no se imputa violación alguna del apartado (*a*). No basta con seguir el lenguaje del estatuto; es necesario ser más específico y alegar la comisión u omisión de un hecho delictivo. Así lo hemos sostenido en *El Pueblo* v. *Borque,* 25 D.P.R. 594; *El Pueblo* v. *Rivera,* 26 D.P.R. 439; *El Pueblo* v. *Salgado,* 27 D.P.R. 881; *El Pueblo* v. *Matienzo,* 27 D.P.R. 918; *El Pueblo* v. *García,* 28 D.P.R. 954; *El Pueblo* v. *Rivera,* 28 D.P.R. 996, y *El Pueblo* v. *Figueroa,* 48 D.P.R. 754. En este último el Juez Asociado de este tribunal, Sr. Hutchison, hablando a nombre de la corte, se expresó así:

". . . La denuncia no imputaba un delito ni bajo el inciso (*a*) ni bajo ningún otro inciso del artículo 12 de la ley. La contención del fiscal no podía ser sostenida aún si la denuncia hubiese seguido literalmente el contexto del inciso (*a*). Ese inciso prescribe en términos amplios y generales una regla de conducta para aquellas personas que guían vehículos de motor en la vía pública. En tales casos no basta que la denuncia siga la fraseología del estatuto. Debe ser más específica a fin de advertir al acusado de manera más definida de la naturaleza de la acusación que se le imputa. Este es el principio general en que se basa el caso de Borque, el cual fué seguido por este tribunal en los casos de *Pueblo* v. *Rivera,* supra; *Pueblo* v. *Salgado,* 27 D.P.R. 881; *Pueblo* v. *Matienzo,* idem 918, y distinguido en el de *Pueblo* v. *García,* 28 D.P.R. 954."

■ La única alegación de hechos punibles que contiene la denuncia consiste en no haber el acusado tocado *klaxon* o aparato de alarma al pasarle a Vázquez. Esa alegación sí imputa una violación del apartado (*c*), supra. Pero el fiscal no la probó. Ni siquiera hizo a sus testigos una pregunta sobre el particular.

Es claro que en esas circunstancias no procedía la sentencia que dictó la corte inferior, *que debe, por lo tanto, revocarse y absolverse al acusado.*

El Juez Asociado Señor De Jesús no intervino.