El Pueblo de Puerto Rico, demandante y apelado, *v.* Luis R. Rodríguez, acusado y apelante.

No. 4172.—*Sometido:* Noviembre 14, 1930. *Resuelto:* Diciembre 11, 1930

*Horton & Saliva,* abogados del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Sólo está envuelta en este caso la suficiencia de la denuncia. Fué formulada por el policía insular Facundo Ortega y en lo pertinente dice:

"Que en 6 de enero de 1930, y en Mayagüez, . . . el referido acusado Luis R. Rodríguez, allí y entonces, ilegal, voluntaria y maliciosamente violó las disposiciones de la ley para reglamentar el uso de vehículos de motor en los caminos públicos de Puerto Rico, porque mientras manejaba el automóvil Pontiac No. P. 1265 que es un vehículo de motor propiedad de Rafael Surís de Mayagüez, P. R. no tomó en cuenta el ancho, tráfico y uso del camino, mientras marchaba con dicho vehículo de motor por la carretera que conduce de Mayagüez a Maricao que es un camino público, al llegar al sitio del accidente el auto Pontiac marchaba con dirección a Mayagüez, estaba un carro de bueyes parado en su derecha en la carretera y en esos momentos subía el auto Ford No. P. 262 propiedad de Juana Hernández y guiado por Antonio Rivera, chófer 8653, el chófer Luis R. Rodríguez no redujo la velocidad del automóvil Pontiac P. 1265 se metió por entre el auto Ford y el carro de bueyes, dando lugar a chocar con el automóvil Ford P. 262 ocasionándole los siguientes desperfectos: eje delantero lado derecho doblado, chasis parte delantero doblado, guardalodo izquierdo delantero bollado, winsil roto, bomper delantero roto y el guía roto. Violando el acusado la Ley de automóviles No. 75 aprobada el 13 de abril de 1916 Art. 13 letra (a)."

Con esa denuncia como base y oída la prueba, la corte de distrito declaró al acusado culpable y le impuso veinte y cinco dólares de multa. No conforme, apeló para ante este tribunal, sosteniendo que la denuncia no imputa la infracción al artículo 13 de la ley de automóviles, por la cual fué castigado.

La denuncia pudo redactarse con mayor concisión y claridad, pero tal como lo fué, es suficiente, de acuerdo con la ley y la jurisprudencia de esta corte sentada en el caso de *El Pueblo* v. *Casanovas*, 38 D.P.R. 219.

En la denuncia se imputa primero al acusado la infracción siguiendo las palabras de la ley, esto es, porque "no tomó en cuenta el ancho, tráfico y uso del camino," y luego se describe el hecho concreto ocurrido, demostrativo de las

circunstancias que exigían que el acusado redujera la velocidad del carro que guiaba, y el no haberla reducido.

*Debe confirmarse la sentencia recurrida.*