El Pueblo de Puerto Rico, demandante y apelado, *v.* Rafael Natal de la Cruz, acusado y apelante.

Núm. 7885.—*Sometido:* Diciembre 8, 1939. *Resuelto:* Enero 19, 1940.

*Gelpí & Gelpí,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Rafael Natal de la Cruz fué denunciado ante la Corte Municipal de Mayagüez por haber infringido el artículo 12, apartados (*a*) y (*g*) de la Ley de Automóviles, Leyes de 1916, págs. 144, 152, al guiar a eso de las once de la noche del dos de diciembre de 1938 en Mayagüez, calle Hostos esquina a Betances, la guagua Núm. G.M. 274, un automóvil, sin ejercer el debido cuidado ni tomar precauciones razonables para garantizar la seguridad de vidas y propiedades, sin reducir la velocidad del vehículo ni dar aviso con su aparato de alarma al acercarse a la unión de las indicadas calles, chocando con el automóvil P–2737 que caminaba por la Calle Hostos, ocasionándole desperfectos y haciéndolo chocar a su vez con un buzón propiedad del Gobierno Federal que había en la esquina y que quedó destrozado.

Pasó la causa en apelación a la Corte de Distrito, y el acusado alegó en ella que la denuncia no aducía hechos constitutivos de delito. Discutida la excepción púsose de acuerdo con el Fiscal y ambos sometieron a la Corte la siguiente

"Estipulación.—Comparece el acusado por sus abogados Gelpí & Gelpí uno de los cuales suscribe, y El Pueblo de Puerto Rico, representado por su Fiscal de Distrito interino, Hon. Vicente Palés Matos, y someten a la consideración de la Corte . . .

"Primero: Que el Pueblo de Puerto Rico como prueba de cargo presenta a la consideración de la Hon. Corte la siguiente prueba, como si la misma hubiese surgido de la declaración de testigos debidamente juramentados:

"(*a*) Que el denunciado el día 2 de diciembre de 1938, a las once (11) de la noche conducía un vehículo de motor por la calle Betances de la Municipalidad de Mayagüez.

"(*b*) Que al acercarse el denunciado a la bocacalle o cruce que forma la calle Betances con la Hostos y mientras conducía el referido vehículo de motor no redujo la velocidad ni tocó *klaxon* ni ninguna otra bocina de alarma.

"Segundo: Que el denunciado, como prueba de defensa, presenta a la consideración de la Hon. Corte la siguiente prueba como si la misma hubiese surgido de la declaración de testigos debidamente

juramentados: (*a*) que el denunciado mientras conducía el vehículo de motor de referencia por la calle Betances de la municipalidad de Mayagüez y al acercarse a la bocacalle o cruce que forman las calles Betances y Hostos no tocó *klaxon* ni ninguna bocina de alarma. (*b*) Que los hechos que se relacionan en la denuncia ocurrieron a las once (11) de la noche del día 2 de diciembre de 1938. (*c*) Que el denunciado es residente de la municipalidad de Ponce, P. R., . . . (*d*) Que no tocó *klaxon* . . . por tener conocimiento de que para dicha fecha estaba vigente . . . una ordenanza municipal . . . (que) provee que desde las diez de la noche hasta las seis de la mañana no se podrá hacer uso del *klaxon*, . . . (*e*) Que el *klaxon* que en dicha fecha llevaba el vehículo que conducía el denunciado era un *klaxon* potente que producía para dicha fecha un ruído exagerado que no podía ser regulado ni graduado por el denunciado en dicho momento. (*f*) Como prueba documental presenta en evidencia la ordenanza sobre orden público, tráfico y otros fines, aprobada por la Asamblea Municipal de Mayagüez el día 1º. de abril de 1931 y aprobada por el Alcalde de Mayagüez el día 5 de abril de 1931 y muy especialmente el artículo 12 de la sección 5 de dicha ordenanza.''

Aprobada la estipulación, la corte declaró sin lugar la excepción perentoria del acusado y dictó sentencia declarándolo culpable y condenándolo a pagar diez dólares de multa y en su defecto a sufrir un día de cárcel por cada dólar dejado de satisfacer.

Apeló Natal y en su alegato imputa tres errores cometidos a su juicio por la corte los dos primeros al declarar sin lugar la excepción y el último al apreciar la prueba.

Se sostiene por el primer señalamiento que la denuncia es insuficiente porque si bien alega que el denunciado no redujo la velocidad no se dice que lo condujera a gran velocidad o a una velocidad mayor que la autorizada por la ley, a saber: ''La velocidad de un vehículo de motor deberá en todo tiempo regularse con el debido cuidado tomando en cuenta el ancho, tráfico y uso del camino; y el hecho de conducir, en cualquier tiempo, un vehículo de motor por un camino público a una velocidad que exceda de 48 kilómetros por hora, o dentro de la zona urbana de un municipio a una velocidad mayor de 24 kilómetros por hora, consti-

tuirá evidencia prima facie de que el vehículo era conducido sin el debido cuidado.'' Artículo 13, apartado (*a*) de la Ley de Automóviles de 1916.

No hubo error, a nuestro juicio. La denuncia sigue el estatuto. Claro está que si una persona guía su automóvil tan despacio que no habría temor de que ocasionara daño alguno, no tendría que reducir su velocidad al acercarse al cruce de calles o caminos. La no reducción de velocidad que tuvo en mente el legislador, implica que la reducción era necesaria. Si no lo era, tal circunstancia puede alegarse como defensa y comprobada haría que desapareciera ese elemento integrante de la infracción. Véase *El Pueblo* v. *Rodríguez,* 41 D.P.R. 600.

Tampoco se cometió el segundo de los errores señalados que se hace consistir en que la denuncia no imputa la comisión de un delito ''toda vez que dentro del tiempo comprendido entre las diez de la noche y las seis de la mañana, la ley de vehículos de motor de Puerto Rico expresamente prohibe que se toque *klaxon.''*

Aparece en efecto que la infracción fué cometida a las once de la noche y que la ley no permite a esa hora el uso del *klaxon.* Artículo 8, apartado (*d*) que prescribe: ''Todo vehículo de motor deberá estar provisto de un silenciador (*muffler*), y queda prohibido en las calles de la zona urbana de un municipio o en una parte densamente poblada del mismo, el uso de la válvula de escape, así como también el uso de cualquier aparato para dar aviso con excepción de la bocina de aire (*bulb-horn*), el aceleramiento innecesario del motor, el producir ruido innecesario o el permitir el escape de una cantidad innecesaria de humo.''

Pero la infracción no consistió en que se dejara de tocar *klaxon,* si que en que no se redujo la velocidad y no se dió aviso con el aparato de alarma correspondiente. Y la propia ley ordena en el apartado (*b*) del dicho artículo 8 citado, que ''todo vehículo de motor deberá estar dotado de una campana, bocina u otro aparato adecuado para dar aviso.''

Si el acusado sólo tenía *klaxon* a su falta de previsión se debió y es por tanto responsable de sus propios actos.

Al discutirse el tercer error se sostiene que si el acusado hubiera tocado su *klaxon* hubiera infringido la ordenanza del municipio dentro de cuya jurisdicción se encontraba, ordenanza que prohibe el uso de dicho aparato a la hora en que ocurrió el accidente. La ordenanza no conflige con la ley. Ambas se armonizan. Ya hemos dicho que el acusado pudo avisar sin recurrir al *klaxon* de haber cumplido con el mandato estatutario dotando su vehículo de campana, bocina u otro aparato adecuado para dar aviso además del *klaxon* o de haberse provisto de un silenciador. Y si como admitió conocía la ordenanza y sabía que había de pasar por las calles del municipio en que estaba en vigor, debió ir preparado para obedecerla, obedeciendo a la vez la ley que rige para la isla entera.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*